[Crim. No. 20476. First Dist., Div. Four. Mar. 25, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
SELMAN BUDDY BRICE, Defendant and Appellant.

COUNSEL

Marcus R. Peppard, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, John T. Murphy and John H. Sugiyama, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**POCHÉ, J.** —Appellant Selman Buddy Brice was charged by complaint with murder of Thomas Anthony Walker (Pen. Code, § 187).[1] After a five-day preliminary hearing, the magistrate denied a timely and specific defense request for findings on the sufficiency of evidence of six other crimes shown by the evidence but not mentioned in the complaint,[2] and held Brice to answer on the murder charge.

Based upon the evidence adduced at the preliminary hearing the People filed an information charging Brice with the murder of Walker (count I) and in addition, conspiracy to commit murder, kidnaping and robbery (§ 182, subd. 1 (count II); kidnaping of Charles Baldwin (§ 207) with great bodily injury (§ 12022.7) (count III); kidnaping for purposes of robbery of Charles Baldwin (§ 209, subd. (b)) (count IV); and robbery of Charles Baldwin (§ 211) with great bodily injury (§ 12022.7) (count V).[3]

Following a multitude of unsuccessful pretrial motions[4] Brice went to trial as charged in the information. On the eighth day of trial, counsel stipulated the court could enter a judgment of acquittal pursuant to section 1118.1 on robbery (count V) and kidnaping with intent to commit robbery (count IV), and that the jury was not to be instructed on first

[1]Unless otherwise indicated, all further statutory references are to the Penal Code.

[2]Specifically, appellant requested findings on the sufficiency of the evidence of: (1) kidnaping (§ 207); (2) kidnaping with intent to commit robbery (§ 209, subd. (b)); (3) auto theft (Veh. Code, § 10851); (4) assault with a deadly weapon (§ 245, subd. (a)); (5) grand theft (§§ 484, 486); and (6) ex-felon in possession of a firearm (§ 12021).

[3]The information further alleged appellant had served two prior prison terms for felony convictions within the meaning of section 667.5, subdivision (b).

[4]Appellant moved, inter alia, to dismiss the action, to remand to the magistrate for further proceedings, to strike the testimony of prosecution witness Sheree Montgomery as perjury known to the prosecutor, and to set aside the information (§ 995).

degree murder. The People further conceded that the jury would not be instructed on conspiracy to commit robbery.

The jury returned with a guilty verdict on only one count: conspiracy to commit kidnaping of Charles Baldwin.[5]

Appellant does not question the sufficiency of the evidence to sustain his conviction nor does he assert any error at trial. Instead, he claims he was unconstitutionally charged and forced to stand trial on the charges of conspiracy and kidnaping. We are not persuaded by his trifrontal attack on section 739, which permits the prosecutor to file an information charging a defendant with "either the offense or offenses named in the order of commitment or *any offense or offenses shown by the evidence taken before the magistrate to have been committed.*" (Italics added.) We do hold that the magistrate erred in denying appellant's motion for a ruling on the sufficiency of the evidence of other crimes shown at the preliminary hearing. However, reversal is not required because appellant has failed to show consequential prejudice at trial. (*People v. Pompa-Ortiz* (1980) 27 Cal.3d 519, 522, 529 [165 Cal.Rptr. 851, 612 P.2d 941].)

*Section 739 is constitutional but the magistrate must make findings upon a timely and specific request*

■ Appellant first asserts section 739 violates article I, section 14,[6] of the California Constitution. In *Jones v. Superior Court* (1971) 4 Cal.3d 660, 664-665 [94 Cal.Rptr. 289, 483 P.2d 1241], the California Supreme Court decided otherwise: "The cases have recognized that a literal construction of section 739 would bring it into conflict with the constitutional mandate which 'protects a person from prosecution in the absence of a prior determination by either a magistrate or a grand jury that such action is justified.' [Citations.] Accordingly, the rule has developed that an information which charges the commission of an offense

---

[5]The jury returned with verdicts as follows: count I (murder), not guilty; count II (conspiracy), guilty of conspiracy to commit kidnaping but undecided on conspiracy to commit murder. Prior to the reading of the verdict the jury informed the court it was unable to arrive at a verdict on kidnaping (count III). The court therefore declared a mistrial on that count and discharged the jury. Thereafter, the People's motion to dismiss count III was granted.

[6]Article I, section 14 provides: "Felonies shall be prosecuted as provided by law, either by indictment or, after examination and commitment by a magistrate, by information."

not named in the commitment order will not be upheld unless (1) the evidence before the magistrate shows that such offense was committed (Pen. Code, § 739), and (2) that the offense 'arose out of the transaction which was the basis for the commitment' on a related offense. [Citations.]" It matters not that *Jones* addressed the validity of section 739 with respect to the predecessor of article I, section 14, because the present form is merely a "streamlined version, not intended to introduce substantive changes, of former article I, section 8, . . ." (*Hawkins* v. *Superior Court* (1978) 22 Cal.3d 584, 594, fn. 9 [150 Cal.Rptr. 435, 586 P.2d 916].)[7]

Appellant next asserts section 739 denies him the opportunity to confront and cross-examine witnesses, to present a defense and to weed out unsupported charges at the preliminary hearing. Particularly, he contends that without the benefit of a complaint which spells out the charges an accused must defend against, he cannot possibly have a meaningful hearing. Precisely that contention[8] was rejected in *People* v. *Donnell* (1976) 65 Cal.App.3d 227, 233 [135 Cal.Rptr. 217], where the court explained: "The effect of our decisions is, simply, that it is not the complaint but the totality of the evidence produced at the preliminary hearing which notifies the defendant of the potential charges he may have to face in the superior court. To be sure, this type of 'notice by proof' may on occasion genuinely surprise an accused. If, in such a case, a defendant does wish to mount a defense against an unanticipated crime, his first remedy is to ask for a continuance to enable him to gather his forces. . . ." (See also, *People* v. *Superior Court* (*Grilli*) (1978) 84 Cal.App.3d 506, 510 [148 Cal.Rptr. 740].)

There may be cases where an uncharged offense is psychologically so well camouflaged that a claim of having been misled at the preliminary hearing has some substance. This, however, is not such a case: at the preliminary hearing defense counsel made a detailed request for special findings on the adequacy of the evidence on five charges not mentioned

---

[7]Former article I, section 8, provided: "Offenses heretofore required to be prosecuted by indictment shall be prosecuted by information, after examination and commitment by a magistrate, or by indictment, with or without such examination and commitment, as may be prescribed by law."

[8]"[D]efendants claim: (1) that the district attorney's failure to include a robbery count in the complaint deprived them of the 'fundamental right to be advised of the charges against [them] *at a preliminary hearing* and the right to cross-examine witnesses and present a defense for the purpose of overcoming the prosecution's case'; . . ." (*People* v. *Donnell, supra,* at p. 231; italics added.)

in the complaint: kidnaping, kidnaping with intent to commit robbery, auto theft, assault with a deadly weapon and grand theft.

Nor do we find any reason to believe the force or reasoning of *Donnell* has been diminished by the landmark decision of *Hawkins* v. *Superior Court, supra*, 22 Cal.3d 584. In *Hawkins*, the California Supreme Court concluded an accused is denied the equal protection of the laws guaranteed by article I, section 7, of the California Constitution, when prosecution is by indictment, because he is deprived of the rights which attach when prosecution is by information. (*Id.*, at pp. 586-587.) The remedy fashioned for the constitutional deprivation was to afford an indicted defendant the right to demand a postindictment preliminary hearing. If the accused makes such a timely request, *Hawkins* directs the district attorney to refile the indictment as a complaint, thus instituting the preliminary procedure set forth in section 859. (*Id.*, at pp. 593-594.) Far from finding the procedures involved in preliminary hearings inadequate, the *Hawkins* court found them to be laws of which the indicted defendant had been denied equal protection.

█ We hold that the magistrate did err in failing to rule on the sufficiency of the evidence of the offenses not charged in the criminal complaint. The Attorney General's suggestion that a magistrate has no power to make such findings lacks support in law and logic. To accept the Attorney General's argument that a magistrate has no *power* to make such findings would be to reduce the preliminary hearing insofar as it involves charges not contained in the complaint to an ex parte proceeding at which only the prosecuting attorney could win. The technique would be simple and predictable: a prosecuting attorney would charge in the complaint only the crime he was certain he could sustain at the preliminary hearing but, in keeping with *Jones*, he would adduce testimony on a number of transactionally related charges, the proof of which was shaky. Under the Attorney General's view of the law, the magistrate could not address whether there is reasonable or probable cause to believe that the defendant committed the surfacing offense. The district attorney would then file an information charging the surfacing offense. The defendant's remedy at that time would be to move to dismiss under section 995. That remedy is not the equivalent of a preliminary hearing because the superior court does not sit as a finder of fact on the new offense. Rather, its power is limited to determining —on the basis of the transcript of the preliminary hearing alone and without attempting to reconcile conflicting testimony or witness credibility—whether probable cause was demonstrated that the defen-

dant is guilty of the offense added in the information. (See *People* v. *McKee* (1968) 267 Cal.App.2d 509, 514 [73 Cal.Rptr. 112].) In other words, under the Attorney General's analysis, a defendant could be forced to stand trial on an offense which surfaced at the preliminary hearing, even though the magistrate disbelieved the evidence and would have made findings which would have been fatal to the asserted conclusion that the offense was committed.

█ It bears emphasis that a preliminary hearing is "not merely a pretrial hearing." (*Jones* v. *Superior Court, supra*, 4 Cal.3d at p. 668.) Rather, it is a proceeding designed to weed out groundless or unsupported charges of grave offenses and to relieve the accused of the degradation and expense of a criminal trial. (*Jennings* v. *Superior Court* (1967) 66 Cal.2d 867, 880 [59 Cal.Rptr. 440, 428 P.2d 304].) To this end, an accused is afforded "'such fundamental rights as counsel, confrontation, the right to personally appear, the right to a hearing before a judicial officer, and the right to be free from unwarranted prosecution. ...'" (*Hawkins* v. *Superior Court, supra*, 22 Cal.3d at pp. 592-593.)

█ Although the Legislature may prescribe the duties of a magistrate, his authority to conduct a preliminary hearing is derived from the Constitution. (*Esteybar* v. *Municipal Court* (1971) 5 Cal.3d 119, 126 [95 Cal.Rptr. 524, 485 P.2d 1140].) Included within the judicial functions involving the exercise of judicial discretion, is the power to act as an "independent arbiter of the issues presented by the adversaries." (*Id.*, at p. 127.) In doing this, the magistrate weighs the evidence, resolves conflicts, gives or withholds credibility to particular witnesses. (*Ibid.; People* v. *Park* (1978) 87 Cal.App.3d 550, 561 [151 Cal.Rptr. 146]; *Perry* v. *Superior Court* (1962) 57 Cal.2d 276, 283-284 [19 Cal.Rptr. 1, 368 P.2d 529].) The magistrate has the power to hold a defendant to answer on "any offense" shown by the evidence at the preliminary hearing. (§ 872, subd. (a).) Accordingly, he has the power to hold a defendant to answer on an offense not named in the charging complaint. It would be odd if the magistrate lacks the correlative power to find that there is *in*sufficient evidence to hold an accused to answer on an offense not named in the charging complaint. Worse than being odd, it would transform the preliminary hearing to an arbitration of the issues defined only by the prosecution, and would render meaningless an accused's "constitutional and statutory" right to present an affirmative defense and to cross-examine prosecution witnesses on offenses not charged in the information. (See, *Jennings* v. *Superior Court, supra*, 66

Cal.2d at p. 880.) Further, such a ruling would involve serious equal protection problems.

Our holding imposes no hardship on the prosecution of criminal cases. ■ If a magistrate makes a legal conclusion on the insufficiency of the evidence of an offense not named in the complaint, the district attorney may nevertheless, by virtue of section 739, charge that offense in the information. (*Pizano* v. *Superior Court* (1978) 21 Cal.3d 128, 133 [145 Cal.Rptr. 524, 577 P.2d 659].) The district attorney is precluded from doing so only where factual findings made by the magistrate are fatal to the allegation that the offense was committed. (*Ibid.*; *Jones* v. *Superior Court, supra*, 4 Cal.3d at p. 666.) Of course, the superior court's task in reviewing a section 995 challenge of the sufficiency of evidence to support the new offenses added to the information (by virtue of § 739) will be greatly aided by the magistrate's initial determination of probable cause.

■ While it was error for the magistrate to fail to rule on the sufficiency of the evidence upon timely and explicit demand, reversal is not required. Appellant makes no showing that the illegality at the preliminary hearing prejudiced him at trial. (*People* v. *Pompa-Ortiz, supra*, 27 Cal.3d at pp. 522, 529-530.)[9]

### *The prosecutor did not commit misconduct*

■ Appellant asserts the prosecutor committed misconduct by filing an information in which he relied on perjured testimony of Sheree Montgomery. The record is devoid of evidence which would support a conclusion that the district attorney knowingly elicited false testimony from Sheree Montgomery at the preliminary hearing. The district attorney learned of her untruthful testimony only after the preliminary hearing. He promptly notified defense counsel of this discovery and provided Rodriques' report which illustrated the discrepancies. Filing an information thereafter was not misconduct. The magistrate held appellant to answer to the charge of murder of Thomas Walker; Montgomery's allegedly perjured testimony did not affect the validity of this

---

[9]The rule of *Pompa-Ortiz* is explicitly applicable to "reviews" that take place subsequent to that decision: "*Henceforth* irregularities in the preliminary examination procedures ... *shall be reviewed* under the appropriate standard of prejudicial error and shall require reversal only if defendant can show that he was deprived of a fair trial or otherwise suffered prejudice as a result of the error at the preliminary examination." (*People* v. *Pompa-Ortiz, supra*, at p. 529; italics added.)

holding order. With respect to the offenses charged thereafter, Montgomery's preliminary hearing testimony was *favorable* to appellant rather than prejudicial. Therefore, it cannot be said that the prosecutor knowingly *relied upon* perjured testimony in the filing of the information.

This is simply not a case where the jury had or was given a false or misleading impression about the credibility of a prosecution witness. (Cf. *Napue* v. *Illinois* (1959) 360 U.S. 264, 269-270 [3 L.Ed.2d 1217, 1220-1221, 9 S.Ct. 1173]; *People* v. *Westmoreland* (1976) 58 Cal. App.3d 32, 42 [129 Cal.Rptr. 554].) The worst that can be said is that a prosecution witness' trial testimony differed substantially from the witness' testimony at the preliminary hearing. Appellant does not suggest that Montgomery's *trial* testimony was perjured, or that the district attorney knowingly used perjured testimony to secure appellant's conviction. Appellant took full advantage of his opportunity to impeach Montgomery's trial testimony and the jury was well aware of her inconsistent testimony.

At the preliminary hearing, prosecution witness Charles Baldwin related the circumstances surrounding the shooting of Walker and the events immediately thereafter. Appellant suggests Baldwin's testimony could not be utilized by the prosecutor for the purpose of adding counts to the information pursuant to section 739. Appellant's failure to raise this challenge on his section 995 motion precludes the challenge here. (*People* v. *Sanchez* (1972) 24 Cal.App.3d 664, 692 [101 Cal.Rptr. 193], disapproved on other grounds in *People* v. *Martin* (1973) 9 Cal.3d 687 [108 Cal.Rptr. 809, 511 P.2d 1161]; *People* v. *Reimringer* (1953) 116 Cal.App.2d 332, 336-337 [253 P.2d 756], disapproved on other grounds in *In re Calhoun* (1976) 17 Cal.3d 75 [130 Cal.Rptr. 139, 549 P.2d 1235].)

The judgment is affirmed.

Caldecott, P. J., and Rattigan, J., concurred.

A petition for a rehearing was denied April 20, 1982, and appellant's petition for a hearing by the Supreme Court was denied June 23, 1982.