[No. E002780. Fourth Dist., Div. Two. Jan. 22, 1987.]

THE PEOPLE, Plaintiff and Appellant, v.
ARTHUR ESTRADA, Defendant and Respondent.

COUNSEL

Dennis Kottmeier, District Attorney, and Joseph A. Burns, Deputy District Attorney, for Plaintiff and Appellant.

David L. McKenna, Public Defender, and David W. Negus, Chief Deputy Public Defender, for Defendant and Respondent.

**OPINION**

**CAMPBELL, P. J.**—The People appeal the dismissal under Penal Code section 995 of an information charging defendant Arthur Estrada with attempted murder.[1] The appeal presents the question of the obligations of the magistrate to designate the crime or crimes for which defendant is bound over for trial.

FACTS

A criminal complaint was filed in municipal court on July 15, 1985, charging defendant Arthur Estrada with an attempt to murder Alejandro Venegas (§§ 664/187). The complaint contained three penalty-enhancing allegations based on sections 12022, subdivision (b) (deadly weapon use), section 12022.7 (intentional infliction of great bodily harm), and section 667.5, subdivision (b) (prior prison term).

A preliminary examination was conducted in municipal court on September 10, 1985, before a municipal court judge sitting as magistrate. The testimony presented was that on May 15, 1985, San Bernardino County jail inmates were being transported on a sheriff's bus from the jail to a court. About a minute before they got to their destination, inmate Kenneth Walker saw the person on the end of his chain get a Phillips screwdriver from the back seat of the bus and hand it to defendant. Defendant uncuffed himself, went forward about three seats and stabbed his victim three times in the back of the neck. Blood then covered the victim's collar and the back of his shirt. Inmate Fred Turner testified that he was on the bus also and that he, too, saw defendant stab another inmate in the lower head and neck region.

---

[1]All subsequent statutory references are to the Penal Code.

Section 995, in relevant part, provides: "(a) Subject to subdivision (b) of Section 995a, the indictment or information shall be set aside by the court in which the defendant is arraigned, upon his or her motion, in either of the following cases:

"(1) If it is an indictment: .

"(A) Where it is not found, endorsed, and presented as prescribed in this code.

"(B) That the defendant has been indicted without reasonable or probable cause.

"(2) If it is an information:

"(A) That before the filing thereof the defendant had not been legally committed by a magistrate.

"(B) That the defendant had been committed without reasonable or probable cause."

San Bernardino County Deputy Sheriff Gary Snyder transported the victim to the hospital. He noted the man had puncture-type stab wounds to the back of the neck and scalp area. The victim was identified as Alejandro Venegas.

Defendant presented no evidence. The prosecutor moved that "defendant be *held to charges to be filed* in Superior Court." (Italics added.) Defense counsel then moved "that the Court make a specific finding as to which charges are justified by the evidence."

The magistrate replied, "Okay. That request will be denied. [¶] The Court will grant the motion to hold to answer, . . ."

Also on that day, September 10, 1985, the magistrate signed a written order of commitment, a mimeographed form with blanks filled in with handwriting. Underscoring the handwritten additions, that form reads:

"It appearing to me that the offense of PC 664/187[,] a felony[,] has been committed, and that there is sufficient cause to believe the within named Arthur Estrada guilty thereof, I order that he be held to answer to the same and committed to the custody of the Sheriff of said County of San Bernardino, and that he be admitted to bail in the sum of $50,000, and committed to the custody of the Sheriff of said County of San Bernardino until he gives such bail." At the paragraph's conclusion, the magistrate added his signature, and the seal of the municipal court was stamped over the line containing the date.

Subsequently, on September 20, 1985, the People filed an information in superior court containing allegations virtually identical to those of the complaint. Thereafter, defendant filed a motion under section 995 alleging that he had been held to answer without probable cause, and that the municipal court's refusal to specify the charges which the evidence justified deprived him of a substantial right.

Hearing on the section 995 motion was held in superior court on November 15, 1985. The court ruled that the magistrate had not determined whether the evidence was sufficient to support an attempted murder charge or a lesser charge, and had not determined whether the evidence supported the enhancement allegations. Under section 995a, subdivision (b)(1)[2] the court returned the case to the magistrate for further proceedings.

---

[2]Section 995a, subdivision (b)(1) provides: "Without setting aside the information, the court may, upon motion of the prosecuting attorney, order further proceedings to correct errors alleged by the defendant if the court finds that such errors are minor errors of omission,

On remand, the magistrate declined to determine on which crime defendant was being held to answer.

The magistrate stated that he considered "that it is not appropriate or proper or necessary for the magistrate to make a finding as to which counts the defendant is being held to answer, other than he's at least being held to answer on one felony count which then places the matter in Superior Court." He therefore returned the matter to the superior court without making the directed findings.

On return to the superior court on November 22, 1985, the court granted the motion to dismiss under section 995. The People filed a timely appeal of that dismissal.

### DISCUSSION

This case is controlled by sections 739 and 872.

Section 739, in relevant part provides: "When a defendant has been examined and committed, as provided in Section 872, it shall be the duty of the district attorney of the county in which the offense is triable to file in the superior court of that county within 15 days after the commitment, an information against the defendant which may charge the defendant with either the offense or offenses named in the order of commitment or any offense or offenses shown by the evidence taken before the magistrate to have been committed. . . ."

Section 872, in relevant part provides: "(a) If, however, it appears from the examination that a public offense has been committed, and there is sufficient cause to believe the defendant guilty thereof, the magistrate *must* make or indorse on the complaint an order, signed by him, to the following effect: 'It appearing to me *that the offense in the within complaint mentioned (or any offense, according to the fact, stating generally the nature thereof)*, has been committed, and that there is sufficient cause to believe the within named A.B. guilty thereof, I order that he be held to answer to the same.' " (Italics added.)

---

ambiguity, or technical defect which can be expeditiously cured or corrected without a rehearing of a substantial portion of the evidence. The court may remand the cause to the committing magistrate for further proceedings, or if the parties and the court agree, the court may itself sit as a magistrate and conduct further proceedings. When remanding the cause to the committing magistrate, the court shall state in its remand order which minor errors it finds could be expeditiously cured or corrected."

Section 739 has been construed in several key decisions of our Supreme Court. In *Jones* v. *Superior Court* (1971) 4 Cal.3d 660 [94 Cal.Rptr. 289, 483 P.2d 1241] the court held that notwithstanding section 739, the prosecution may not ignore a *factual* finding of a magistrate and then file in superior court a charge that the magistrate had found factually untrue. (*Id.,* at p. 668.) The high court extended this holding by later concluding that a "section 995 motion may properly be used to challenge the sufficiency of evidence to support an enhancement allegation" as well as its supporting substantive charge. (*People* v. *Superior Court (Mendella)* (1983) 33 Cal.3d 754, 763 [191 Cal.Rptr. 1, 661 P.2d 1081].)

*People* v. *Slaughter* (1984) 35 Cal.3d 629 [200 Cal.Rptr. 448, 677 P.2d 854] showed the limits of these principles. There the court concluded "cases arising under section 739 recognize a clear distinction: [a magistrate's] findings of fact [at a preliminary hearing] must be sustained [on review] if supported by substantial evidence, but a finding of lack of probable cause, unsupported by any factual findings, is reviewed as an issue of law. Absent controlling factual findings, if the magistrate dismisses a charge when the evidence provides a rational ground for believing that defendant is guilty of the offense, his ruling is erroneous *as a matter of law,* and will not be sustained by the reviewing court." (*Slaughter, supra,* 35 Cal.3d at pp. 639-640.) In other words, *Slaughter* holds that notwithstanding section 739, the prosecution can ignore a magistrate's finding that a charge is not supported by the evidence if that finding is one of law, not fact.

The parties in the instant appeal have focused extensively on language found in *People* v. *Brice* (1982) 130 Cal.App.3d 201, 208 [181 Cal.Rptr. 518]. There a panel of the First District of the Court of Appeal stated: "We do hold that the magistrate erred in denying appellant's motion for a ruling on the sufficiency of the evidence of other crimes [than those of the complaint] shown at the preliminary hearing." (*Id.,* at p. 206.) The *Brice* court did not rule on this basis, however, inasmuch as the defendant had not exercised his pretrial remedies or shown prejudice. (*Id.,* at p. 210.)

In arguments to the superior court, the magistrate, and this court, defendant has urged that the *Brice* dictum is applicable to the case at hand, contending that the "other offenses" are constituted by the potential for later charging lesser included or related offenses, such as assault with a deadly weapon (§ 245) and by the penalty-enhancing allegations. Defendant argues that the magistrate therefore had a duty to determine which of the charges, including enhancements, or other offenses were supported by the evidence. The superior court apparently accepted this proposition.

We decline to adopt the *Brice* dictum. In our view the rule that a magistrate has a duty to provide specific findings as to every possible charge raised

is an unwarranted intrusion on the statutory scheme. █ "[T]he magistrate's role is limited by statute to determining whether or not there is 'sufficient cause' to believe defendant guilty of a public offense. [Citations.]" (*People* v. *Uhlemann* (1973) 9 Cal.3d 662, 667 [108 Cal.Rptr. 657, 511 P.2d 609].) █ Under *Jones, supra,* 4 Cal.3d 660, a magistrate is permitted, in his own discretion, to make *factual* rulings regarding evidentiary sufficiency which have preclusive effect on the filing of subsequent charges using the same evidence. But in light of a district attorney's clear right to file an information charging an offense despite a magistrate's *legal* conclusion on probable cause (see *Slaughter, supra,* 35 Cal.3d at p. 640; *People* v. *Superior Court (Henderson)* (1986) 178 Cal.App.3d 516, 520-524 [223 Cal.Rptr. 741]), the *Brice* rule makes little sense. A duty to provide findings on elements other than the sufficiency of the evidence attempts to create a "substantial right" to a useless, nonbinding determination.

We further observe that the *Brice* rule has been curtailed by a subsequent opinion of its own division, and that review of this curtailment has been declined by the Supreme Court. (*People* v. *Buckley* (1986) 185 Cal.App.3d 512, 522 [228 Cal.Rptr. 329].) █ We agree with the *Buckley* opinion, which stated the correct rule that, "[T]he cases indicate that with the exception of the [legal conclusion of] sufficiency of evidence [citation] the findings by the magistrate are discretionary . . . ." (*Id.,* at p. 522.) The *Buckley* majority therefore concluded the magistrate has no power or obligation to determine factual support for an offense divided into degrees.

█ Notwithstanding this construction of section 739, the magistrate has an unambiguous duty under section 872 to determine that a defendant has probably committed a particular felony. The wording of that section is clear. It provides that, "the magistrate must make . . . an . . . order . . . 'It appearing to me that *the offense* in the within complaint mentioned (or any offense according to the fact, *stating generally the nature thereof*), has been committed, . . ." This is a clear requirement that the magistrate decide by name the offenses for which the defendant is being bound over to trial. Although the *Slaughter* opinion acknowledges that there will be some cases in which the magistrate's determination precludes the filing of additional charges and other cases where the determination will not so act, the law requires specification of at least one charge in the commitment order.

█ Here it appears from the remand hearing that the magistrate also disagreed with the *Brice* dictum, but additionally misapprehended section 872. The docket sheets and the reporter's transcript show that the magistrate believed his sole requirement was to determine that adequate grounds existed to believe that defendant had committed some unspecified felony.

Although refusing at the remand to specify any felony or felonies for which defendant was bound over, at the conclusion of the preliminary hearing the magistrate signed an order of commitment describing the felony as "P.C. [i.e., Penal Code] 664/187." This order of commitment was in compliance with section 872.

During the period for filing briefs in this court, this court granted defendant's unopposed application to produce documentary evidence on appeal, pursuant to California Rules of Court, rule 23(b). We therefore incorporated into the record a declaration from the magistrate stating, "I did not hold [defendant] to answer for any specific felony. The docket entry [to the contrary] correctly states my findings. The handwritten entry 'Penal Code [sic] 664/187' on CT. 82 is incorrect and in error."

This document does not purport to correct the alleged error, and inasmuch as it was created *after* the rulings in question, it was unavailable to the superior court. Although he may have intended not to specify a charge, the magistrate committed defendant in accordance with section 872 and it was this commitment that was before the superior court on the 995 motion.

The superior court erroneously followed the flawed *Brice* dictum, and dismissed the information. We decline to extend the law governing preliminary hearings beyond its statutory boundaries. The ruling was error, and must be reversed.

### Disposition

The judgment is reversed and the cause remanded for proceedings consistent with this opinion.

Hews, J., and Rickles, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Acting Chairperson of the Judicial Council.