[No. B038045. Second Dist., Div. Two. Oct. 13, 1989.]

THE PEOPLE, Plaintiff and Appellant, v.
JOSEPH GERALD LADMIRAULT, Defendant and Respondent.

**COUNSEL**

Ira Reiner, District Attorney, Donald J. Kaplan and George G. Size, Deputy District Attorneys, for Plaintiff and Appellant.

Wilbur F. Littlefield, Public Defender, Laurence M. Sarnoff, Oksana Bihun and Natasha Spooner, Deputy Public Defenders, for Defendant and Respondent.

**OPINION**

**GATES, J.**—The People appeal from the order of dismissal entered after the trial court granted defendant's motion to set aside the information (Pen. Code, § 995) due to the unavailability of a preliminary hearing transcript.

Defendant was arraigned and pled not guilty on June 1, 1988, to a charge of robbery (Pen. Code, § 211) with allegations that he personally used a firearm during the commission of that offense (Pen. Code, § 12022.5) and had been convicted previously of a violent felony within the meaning of Penal Code section 667, subdivision (a) and section 667.5, subdivision (a).

Trial was initially set for June 20, 1988, but was subsequently continued, at defendant's request, first to July 20, and later to September 21, 1988.

 On August 17, 1988, defendant moved to set aside the information on the grounds that "insufficient evidence [was] introduced at the preliminary examination in this action for the defendant to have been held to answer in superior court." In truth, however, this motion was not premised upon a lack of evidence at that proceeding but rather upon the failure of the reporter to provide a transcript thereof. Remarkably this motion was noticed for hearing the following day. It resulted in a contretemps that brought credit to no one.

The People voiced various objections to the motion and asserted that options other than dismissal were available, such as requiring the reporter to appear with her personal notes and testify under oath. The superior court judge indicated he had contacted the municipal court "to see whether or not there [wa]s any realistic possibility at all of getting the transcripts within a day or two," and instructed counsel for the People, "I will give you until tomorrow to tell me why I shouldn't grant a 995."

When proceedings resumed on August 18, the court announced it had been informed no preliminary hearing transcript had been prepared and that the reporter would "be gone for over 30 days on a daily transcript" and could not be reached. It then granted defendant's motion.

The seven-page transcript actually was filed thirteen days later on August 31, 1988. Defendant does not, and could not, claim the proofs set forth therein were insufficient to hold him to answer for armed robbery. Rather he urges we should limit our review to the record before the superior court.

The People, of course, adopt a contrary position and additionally contend that the burden of providing a transcript should fall upon the defendant and that, in the absence of a transcript, the superior court should have presumed the magistrate properly performed his official duties (Evid. Code, § 664). These propositions are quite unpersuasive. The first would place an unfair responsibility upon the defendant for matters outside his control and the second would preclude any meaningful review of a magistrate's findings.

On the other hand, regardless of whether we restrict the scope of our inquiry in the manner suggested by defendant or consider the entire appellate record, including the preliminary hearing transcript, as advocated by the People, we are led to the same conclusion, i.e., the superior court erred.

 A defendant obviously has a right to move for dismissal under section 995 if, *when the preliminary hearing transcript becomes available,* it demonstrates he was "committed without reasonable or probable cause." (Pen. Code, § 995, subd. (a)(2)(B).)[1] In addition, should the preparation of this transcript be delayed, at some time prior to the date set for trial, he must also be afforded an opportunity to demonstrate that its absence has impeded his ability to prepare his defense.

 In the instant case, however, quite apart from the fact that defendant seemingly waived the Penal Code section 995 issue by entering a plea of not guilty at his arraignment (*People* v. *Wester* (1965) 237 Cal.App.2d 232, 236 [46 Cal.Rptr. 699]; Pen. Code, § 996), he could not possibly have made the showing required under the statute, since the court dismissed the action prior to the preparation of the transcript. Moreover, notwithstanding the court's comments suggesting otherwise, defendant neither urged nor proved the delay in receiving the transcript had precluded him from adequately preparing for trial, which was not scheduled to commence for more than a month after the court had made its ruling.[2] Nor is it conceivable he could have done so, given the brief, straightforward evidence of guilt that was elicited from the single witness called to testify at the preliminary hearing— the victim of the crime with which defendant was charged.

Having concluded the trial court acted prematurely, we need not pass on the People's contention that they received inadequate notice of defendant's motion.

The order under review is reversed.

Roth, P. J., and Compton, J., concurred.

---

[1] Even the authorities relied upon by defendant recognize it is the preliminary hearing transcript which forms the basis of section 995 review. (See, e.g., *Stanton* v. *Superior Court* (1987) 193 Cal.App.3d 265, 270 [239 Cal.Rptr. 328]; *People* v. *Brice* (1982) 130 Cal.App.3d 201, 208-209 [181 Cal.Rptr. 518].)

[2] A minute order prepared on August 17 purports to "advance[ ] [trial] from 9-21-88 and trail[ ] [it] to 8-18-88," "upon defendant's motion." The record contains no justification for this action, nor can we conceive of any. To the degree it may have been the result of a tactical ploy on defendant's part to bolster support for his section 995 motion, it was clearly inappropriate.