Opinion
 

 EPSTEIN, Acting P. J.
 

 A magistrate purported to reduce two felony charges to misdemeanors because she believed the evidence presented at the preliminary hearing was insufficient to hold the defendant to answer felony charges. Neither offense was a felony-misdemeanor (wobbler) as to which the reduced crime was a misdemeanor. We conclude the magistrate was without power to reduce the offenses to these misdemeanors, and that her doing so amounted to a dismissal of the felony charges. The district attorney brought a Penal Code section 871.5 motion, but the superior court declined to consider it, reasoning that the magistrate’s order did not result in a dismissal of charges, a requisite of the motion. We conclude that a dismissal did occur, and hence that the superior court should review the magistrate’s order pursuant to Penal Code section 871.5. We therefore shall issue a peremptory writ directing it to do so. We express no opinion on the merits of the dismissal the trial court is to review.
 

 
 *327
 
 Factual and Procedural Summary
 

 At the felony preliminary hearing, held in May 1994, Vicki D. testified substantially as follows. She is an attorney, and she went to the state building in Van Nuys to appear at a workers’ compensation proceeding scheduled to be held in that facility. Once there, she met defendant Stanley Samuel Feinstein (defendant), a workers’ compensation judge, in the lobby. Although Ms. D. only knew him slightly, defendant invited her to his chambers for the stated purpose of giving her information about an upcoming seminar. After a brief discussion of the seminar, Ms. D. turned to leave the room. Defendant asked her to close the door, and Ms. D. complied. Defendant then threw himself upon her, slammed her to the wall, and pinned her with the weight of his body. He thrust one hand inside Ms. D.’s blouse, onto her breast, and the other under her skirt and undergarments to fondle her genital area. Ms. D. attempted to push defendant away, but was unable to do so. During the attack, defendant repeatedly attempted to kiss Ms. D. She continued to try to push him away and told him that she had to leave. Finally, he lightened his weight, and Ms. D. was able to extricate herself and run out of the office.
 

 In April 1994, a felony complaint was filed against defendant. Count 1 alleged a felony violation of Penal Code section 243.4, subdivision (a), sexual battery by restraint.
 
 [1]
 
 Count 2 alleged a felony violation of sections 236 and 237, false imprisonment by violence, menace, fraud or deceit.
 

 Ms. D. was the only witness at the preliminary hearing. At the conclusion of her testimony, defendant’s attorney moved for dismissal on the ground that the evidence did not establish probable cause to hold defendant to answer the felonies charged against him. The defense theory was that the facts did not rise to the level of restraint or violence necessary to constitute a felony, as opposed to misdemeanor battery or false imprisonment.
 

 After argument by both sides, the magistrate concluded that the physical restraint requisite for the felonies was not established. The magistrate exhibited some reluctance in coming to this conclusion, but stated that the law required it. She ordered count 1, felony sexual battery, “reduced” to misdemeanor battery under section 242, and purported to strike the felony portion of count 2, leaving that charge as a simple violation of section 236, misdemeanor false imprisonment. She ordered the charges tried in the municipal court.
 

 The district attorney moved to reinstate the felony charges in the superior court pursuant to section 871.5. That motion was opposed by the defendant
 
 *328
 
 on the ground that the magistrate properly had reduced the charges, that section 871.5 does not lie to review an order of this kind, and that the motion was untimely because defendant already had been arraigned in municipal court on the misdemeanors.
 

 The superior court assumed the magistrate exercised her discretion pursuant to section 17, subdivision (b)(5) in reducing the felony charges to misdemeanors. It concluded that section 871.5 allows review by the superior court only of dismissals pursuant to enumerated code sections, and that this authority does not extend to review of an order reducing felony charges to misdemeanors. Based on this, the court concluded that it was without jurisdiction to consider the district attorney’s motion, which it then denied.
 

 The district attorney petitioned this court to issue a writ of mandate commanding the superior court to vacate its order and to hear the section 871.5 motion on its merits. We issued an alternative writ and a show cause order.
 

 Discussion
 

 I
 

 The superior court concluded the magistrate was acting within her authority to reduce felony charges to misdemeanors pursuant to section 17, subdivision (b)(5). As we shall explain, we disagree.
 

 A magistrate’s powers at a felony preliminary hearing are purely statutory.
 
 {People
 
 v.
 
 Silverbrand
 
 (1990) 220 Cal.App.3d 1621, 1626 [270 Cal.Rptr. 261];
 
 People
 
 v.
 
 Brandon
 
 (1989) 206 Cal.App.3d 1565, 1569 [254 Cal.Rptr. 504].) These limited powers have been summarized in the following terms: “. . . once a felony complaint has been filed and the defendant arraigned thereon, a magistrate’s options are limited by the Penal Code. Thus, the magistrate may: 1) conduct the preliminary examination (Pen. Code, § 806); and 2) hold the defendant to answer for trial in the superior court (Pen. Code, § 872); or 3) discharge the defendant if there is insufficient evidence (Pen. Code, § 871); or 4) if the defendant pleads guilty, certify the defendant to superior court (Pen. Code, § 859a); or 5) if the matter is a ‘wobbler,’ reduce the offense to a misdemeanor (Pen. Code, § 17, subd. (b)(5)).”
 
 [2]
 

 (People
 
 v.
 
 Municipal Court (White) (1979)
 
 88 Cal.App.3d 206, 213 [151 Cal.Rptr. 861]; see also
 
 Ramos
 
 v.
 
 Superior Court
 
 (1982) 32 Cal.3d 26,
 
 *329
 
 30 [184 Cal.Rptr. 622, 648 P.2d 589] [discussion of 1980 statute delineating magistrate’s power to dismiss].)
 

 Under this statutory scheme, a magistrate may only reduce an offense to a misdemeanor if it is a felony-misdemeanor (“wobbler”), which may be prosecuted as either a felony or a misdemeanor. And even then the reduction is permitted only because the Legislature specifically empowered magistrates so to act. The authorization is in section 17, which provides: “(b) When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: [1] . . . HO (5) When, at or before the preliminary examination or prior to filing an order pursuant to Section 872, the magistrate determines that the offense is a misdemeanor, in which event the case shall proceed as if the defendant had been arraigned on a misdemeanor complaint.”
 

 The first issue, therefore, is whether the reductions in this case were within the scope of the magistrate’s authority under section 17, subdivision (b)(5). The complaint charged defendant with two offenses: in count 1, felony sexual battery by restraint, a violation of section 243.4, subdivision (a); and in count 2, felony false imprisonment by violence, menace, fraud or deceit in violation of sections 236 and 237.
 

 Section 243.4, subdivision (a) provides: “Any person who touches an intimate part of another person while that person is unlawfully restrained by the accused or an accomplice, and if the touching is against the will of the person touched and is for the purpose of sexual arousal, sexual gratification, or sexual abuse, is guilty of sexual battery. A violation of this subdivision is punishable by imprisonment in a county jail for not more than one year, and by a fine not exceeding two thousand dollars ($2,000); or by imprisonment in the state prison for two, three, or four years, and by a fine not exceeding ten thousand dollars ($10,000).” Since this statute provides for either punishment in the county jail or imprisonment in state prison, it is a “wobbler” and the magistrate could have reduced the charge to misdemeanor sexual battery in violation of section 243.4. That is not what the magistrate did. Instead, she purported to reduce the offense to a different crime, simple battery. (§ 242.) That was beyond the power conferred by section 17, subdivision (b)(5).
 

 Count 2 of the complaint charged defendant with felony false imprisonment. Section 236 defines the offense: “False imprisonment is the unlawful
 
 *330
 
 violation of the personal liberty of another.” The punishment is set out in section 237: “False imprisonment is punishable by fine not exceeding one thousand dollars ($1,000), or by imprisonment in the county jail not more than one year, or by both. If such false imprisonment be effected by violence, menace, fraud, or deceit, it shall be punishable by imprisonment in the state prison.”
 

 False imprisonment is therefore not a wobbler which may be charged as either a misdemeanor or a felony. If the crime is committed by violence, menace, fraud, or deceit, it is a felony, and the court has no discretion to treat it as a misdemeanor. This type of felony has been referred to as a “straight” felony, to distinguish it from a wobbler for purposes of section 17 analysis. (See
 
 People
 
 v.
 
 Mendez
 
 (1991) 234 Cal.App.3d 1773, 1779 [286 Cal.Rptr. 216].)
 

 In
 
 People
 
 v.
 
 Manning
 
 (1982) 133 Cal.App.3d 159 [183 Cal.Rptr. 727] the court reached the same interpretation of section 237, although in a slightly different context. In
 
 Manning,
 
 the defendant moved to set aside an information charging him with false imprisonment and battery because these counts had not been included in the complaint filed in the municipal court. He argued that he had been denied the right to have a magistrate declare the crimes to be misdemeanors under section 17, subdivision (b)(5). (133 Cal.App.3d at p. 163.) The court did not reach Manning’s argument about the false imprisonment charge because it concluded that the punishment for false imprisonment is not discretionary with the trial court. “Thus, the decision whether a defendant is sentenced to local time or to prison is not discretionary with the court but depends on the trier’s finding as to whether the crime was ‘effected by violence, menace, fraud, or deceit.’ This finding requires a trial on the merits.”
 
 {Id.
 
 at p. 163, fn. 1; see also
 
 People
 
 v.
 
 Spears
 
 (1984) 153 Cal.App.3d 79, 84-85 [199 Cal.Rptr. 922] [follows
 
 People
 
 v.
 
 Manning
 
 in concluding trial court lacks discretion to decide whether violation of section 236 is punishable under section 237 as misdemeanor or felony, because punishment depends on whether crime was accomplished by violence, menace, fraud or deceit].)
 

 As these cases demonstrate, a magistrate has no power to reduce a straight felony to a misdemeanor. Section 17, subdivision (b) provides no such authority nor is that power found in any other statute. (See
 
 People
 
 v.
 
 Mendez, supra,
 
 234 Cal.App.3d at p. 1779; see also
 
 People
 
 v.
 
 Beebe
 
 (1989) 216 Cal.App.3d 927, 931 [265 Cal.Rptr. 242];
 
 People
 
 v.
 
 Municipal Court {White), supra,
 
 88 Cal.App.3d at pp. 212-213.) It follows that the magistrate acted in excess of her authority in ordering the reduction.
 

 
 *331
 
 II
 

 Since the magistrate lacked the power to reduce the charges, what was the effect of her order that purported to do so? As we explain, the order cannot be understood as anything but a dismissal of the felony charges, since that was its effect.
 

 Section 871.5 provides: “(a) When an action is dismissed by a magistrate pursuant to Section 859b, 861, 871, 1008, 1381,1381.5, 1385,1387, or 1389 of this code or Section 41403 of the Vehicle Code, or a portion thereof is dismissed pursuant to those same sections which may not be charged by information under Section 739, the prosecutor may make a motion in the superior court within 15 days to compel the magistrate to reinstate the complaint or a portion thereof and to reinstate the custodial status of the defendant under the same terms and conditions as when the defendant last appeared before the magistrate. H] (b) Notice of motion shall be made to the defendant and the magistrate. The only ground for the motion shall be that, as a matter of law, the magistrate erroneously dismissed the action or a portion thereof.”
 

 As we have discussed, the superior court concluded that it was without jurisdiction to review the magistrate’s order pursuant to section 871.5 because the offenses were reduced, rather than dismissed. The district attorney argues that the magistrate’s attempt to reduce count 1 based on insufficiency of the evidence constitutes a dismissal under section 871. The result, he argues, is that the order was within the express purview of section 871.5. As to count 2, the district attorney argues that the magistrate’s action in striking the allegation that the false imprisonment was “effected by violence, menace, fraud, or deceit,” also amounts to a dismissal of a felony under section 871. We agree with that analysis.
 

 The legislative history of the statute is instructive. “Section 871.5 was enacted to decrease the number of refilings of felony complaints when the dismissal by a magistrate was based upon a legal rather than a factual ruling. If the magistrate ruled as a matter of law, the order of dismissal could be reviewed in the superior court on motion by the People on the record of the proceedings before the magistrate; a ruling adverse to the People on this motion could be appealed to the Court of Appeal but if they litigated the motion to decision they were prohibited from refiling the action.”
 
 (Vlick
 
 v.
 
 Superior Court
 
 (1982) 128 Cal.App.3d 992, 997 [180 Cal.Rptr. 742].)
 

 The first issue presented is whether the order of the magistrate constituted a dismissal within the meaning of section 871. The second is
 
 *332
 
 whether, absent specific reliance on a statute enumerated in section 871.5 by the magistrate, the superior court had jurisdiction to review the order. We begin by examining the magistrate’s order.
 

 As we have seen, if the magistrate concludes the evidence is insufficient to hold the defendant for trial in the superior court as charged, he or she must dismiss the complaint pursuant to section 871.
 
 [3]
 
 (See
 
 People
 
 v.
 
 Municipal Court (White), supra,
 
 88 Cal.App.3d at p. 213.)
 

 In
 
 People
 
 v.
 
 Booker
 
 (1994) 21 Cal.App.4th 1517 [26 Cal.Rptr.2d 715], the court held that an order declaring charged felony offenses to be misdemeanors was tantamount to a dismissal. In that case, the district attorney filed felony charges for violation of Unemployment Insurance Code section 2101, subdivision (a) against two defendants in unrelated prosecutions. The defendants filed a joint motion requesting the superior court to declare the charges to be misdemeanors rather than felonies. Each defendant had waived preliminary hearing. Neither had sought a determination that the charges were misdemeanors pursuant to section 17, subdivision (b), nor had they demurred to the information, or moved for dismissal pursuant to section 995. The trial court granted the motion to declare the crimes misdemeanors. The
 
 Booker
 
 court ruled: “The trial court’s decrees that the charged offenses must be prosecuted as misdemeanors were tantamount to dismissal of the felony charges against the defendants . . . and, accordingly, may be appealed by the People. [Citation.] We further believe that the trial court’s orders effectively usurped the charging prerogative of the prosecutor, lacked underlying statutory authority, and must be reversed.” (21 Cal.App.4th at p. 1521.)
 

 Defendant argues that
 
 Booker
 
 is distinguishable because the order in that case was not made pursuant to section 17, subdivision (b)(5) following a preliminary hearing. This is so, but it does not distinguish the precedent. The significant issue in both
 
 Booker
 
 and in this case is the ultimate effect of the order under review. Where the order precludes the prosecutor from proceeding to trial on the felony offenses originally charged, it must be construed as a dismissal within the meaning of section 871. As we have seen, the effect of the magistrate’s order as to both counts of the complaint was to preclude the prosecution of defendant on felony charges because the evidence of the felonies was insufficient. We are satisfied that this order constitutes a dismissal within the meaning of section 871.
 

 The next issue is whether the order may be reviewed under section 871.5. Defendant argues that it may not be because the magistrate did not
 
 *333
 
 expressly invoke one of the statutes enumerated in section 871.5, subdivision (a) as the basis for her ruling.
 

 In
 
 People
 
 v.
 
 Dethloff
 
 (1992) 9 Cal.App.4th 620 [11 Cal.Rptr.2d 814], we held that a dismissal for insufficiency of evidence is within the purview of section 871, and could be reviewed under section 871.5: “The record before us does not identify the statutory basis upon which the magistrate dismissed the complaint. As respondent moved for dismissal on the ground of insufficiency of the evidence, we construe the order to be pursuant to section 871, which provides for dismissal of a complaint if ‘there is not sufficient cause to believe the defendant guilty of a public offense. . . (9 Cal.App.4th. at p. 623, fn. 2.) The same is true in this case. The superior court had jurisdiction under section 871.5 to review the magistrate’s order because the order effected a dismissal of charges within the meaning of section 871, one of the statutes expressly referenced in section 871.5. Were this not so, the People would have no right to appellate review of a magistrate’s order converting a felony charge to a different and lesser crime based on lack of evidence. That result would run directly counter to the legislative purpose in enacting section 871.5.
 

 Section 871.5 was added to the Penal Code as a part of legislation enacted in 1980. The statute was a response to the Supreme Court’s decision in
 
 People
 
 v.
 
 Peters
 
 (1978) 21 Cal.3d 749 [147 Cal.Rptr. 646, 581 P.2d 651], which held that magistrates were not authorized to dismiss a felony in the interests of justice under section 1385. At the time
 
 Peters
 
 was decided, magistrates were empowered to discharge a defendant, but not to dismiss a felony complaint. The rationale was that only a “court” could exercise the dismissal power of section 1385, and that since magistrates did not act as courts, they could not order the dismissal. (21 Cal.3d at p. 753.) Fearing this resolution would lead to repeated filings against a defendant, the Legislature attempted to address it with corrective legislation in 1978 (Sen. Bill No. 1474). The Governor vetoed the bill because it “ ‘failed to give the prosecutors the same right to appeal the dismissal of a criminal case by a magistrate as prosecutors already possess with respect to the dismissal of such a case by a superior court judge.’ ”
 
 (Vlick
 
 v.
 
 Superior Court, supra,
 
 128 Cal.App.3d at p. 997.) The Governor’s concern was addressed by enactment of section 871.5 in legislation in 1982. Our decision is consistent with the legislative intent that the People are entitled to review under section 871.5 where the action of the magistrate dismisses felony charges on the ground of insufficiency of the evidence as a matter of law. As we have discussed, that was the basis of the magistrate’s “reduction” order in this case.
 

 This conclusion also is consistent with other cases in which a dismissal as a matter of law for insufficiency of the evidence was found to come within
 
 *334
 
 the purview of section 871.5. (See
 
 Vlick
 
 v.
 
 Superior Court, supra,
 
 128 Cal.App.3d at p. 995 [section 871 expressly invoked as basis for dismissal];
 
 People
 
 v.
 
 Salzman
 
 (1982) 131 Cal.App.3d 676, 683 [182 Cal.Rptr. 748] [magistrate granted motion to suppress and dismissed action, section 871 not invoked];
 
 People
 
 v.
 
 Childs
 
 (1991) 226 Cal.App.3d 1397,1404 [277 Cal.Rptr. 456] [magistrate did not invoke section 871 in stating there was insufficient cause to believe defendant had committed the crime as basis for dismissal of charges, review proper under section 871.5].)
 

 The magistrate in our case concluded that the evidence was insufficient to establish probable cause to hold defendant to answer the felony charges. There was no conflict in the evidence since the only evidence was the victim’s testimony. It is clear from the record that the magistrate’s decision was based on her understanding of the legal requisites of the felony statutes rather than on a credibility judgment about the witness. As such, it was a legal conclusion that the evidence was not sufficient to hold defendant to answer for the felonies charged as she construed them. (See
 
 People
 
 v.
 
 Slaughter
 
 (1984) 35 Cal.3d 629, 640, 642-643 [200 Cal.Rptr. 448, 677 P.2d 854];
 
 People
 
 v.
 
 Estrada
 
 (1987) 188 Cal.App.3d 1141, 1147 [233 Cal.Rptr. 754].) The magistrate’s order prevented the district attorney from trying the defendant on the felony charges—in effect the complaint was dismissed for insufficiency of the evidence and may be reviewed under section 871.5.
 

 Defendant relies upon
 
 People
 
 v.
 
 Hanley
 
 (1992) 4 Cal.App.4th 340 [5 Cal.Rptr.2d 643], which concluded that a superior court was without jurisdiction to review a motion to reinstate a complaint under section 871.5. Hanley was charged with driving under the influence (Veh. Code, § 23152, subd. (a)) and with driving with a .08 blood-alcohol level (Veh. Code, § 23152, subd. (b)). The complaint alleged that he had suffered three prior convictions for driving under the influence, making the offenses wobblers which could be prosecuted as either misdemeanors or as felonies. It charged them as felonies. (4 Cal.App.4th at p. 342, fn. 2.) The magistrate granted Hanley’s motion to strike one of the three prior convictions, and with only two prior convictions remaining, determined that the offenses charged were misdemeanors as a matter of law. The case was transferred to the municipal court. The
 
 Hanley
 
 court concluded that the magistrate had acted under Vehicle Code section 41403, rather than section 871.5, in ordering a dismissal. Since the Vehicle Code provision is not among the enumerated provisions in section 871.5, the court concluded that statute did not lie to afford review authority in the superior court. In our case the only statute that lies to effect a dismissal was section 871 which is, of course, one of the statutes listed in section 871.5.
 

 
 *335
 
 III
 

 Because the superior court was authorized by section 871.5 to review the magistrate’s order purporting to reduce the charged offenses to misdemeanors, but declined to do so under the mistaken belief that it lacked such authority, we must grant the petition for writ of mandate directing that it conduct the review.
 
 [4]
 

 The district attorney asks that we go further, and direct the superior court to reinstate the felony charges. The trial court has not addressed the merits of the motion to reinstate. We conclude that it is inappropriate for us to do so in the first instance.
 

 Disposition
 

 Let a peremptory writ of mandate issue directing the superior court to vacate its order denying the district attorney’s motion for reinstatement of the charges pursuant to section 871.5 and to review the merits of that motion.
 

 Vogel (C. S.), J., and Hastings, J., concurred.
 

 On November 15, 1994, the opinion was modified to read as printed above.
 

 [1]
 

 All further statutory references are to the Penal Code unless otherwise indicated.
 

 [2]
 

 In 1991, sections 859a and 1462 were amended (Stats. 1991, ch. 613, §§ 6 and 8) to authorize a magistrate to certify felony guilty pleas to the municipal court, and to give the municipal court jurisdiction to sentence on the plea, except in capital cases. This amendment
 
 *329
 
 is not relevant to the issue presented here, but is mentioned to make clear that the foregoing enumeration of a magistrate’s powers is not, under current law, exhaustive.
 

 [3]
 

 Section 871 provides in pertinent part: “If, after hearing the proofs, it appears either that no public offense has been committed or that there is not sufficient cause to believe the defendant guilty of a public offense, the magistrate shall order the complaint dismissed and the defendant to be discharged, . . .”
 

 [4]
 

 The district attorney also argues that the superior court could have treated the section 871.5 motion as a petition for writ of mandate, and should have granted relief on that basis. For purpose of our review, it is sufficient to say that the superior court was not asked to treat the motion as a petition for mandate, and that neither defendant nor the court addressed that theory in the superior court proceedings. We decline to review it. It is therefore unnecessary to discuss defendant’s argument that mandate does not lie to compel action beyond the superior court’s jurisdiction.