811[No. B110243. Second Dist., Div. Six. Apr. 6, 2000.]

THE PEOPLE, Plaintiff and Appellant, v.
WILLIAM R. DOUGLAS, Defendant and Respondent.

**COUNSEL**

Thomas W. Sneddon, Jr., District Attorney, and Gerald McC.Franklin, Deputy District Attorney, for Plaintiff and Appellant.

Robert L. Helgesen, Public Defender, and Michael C. McMahon, Assistant Public Defender, for Defendant and Respondent.

## OPINION

**COFFEE, J.**—Defendant William R. Douglas, who is blind and suffers from other permanent disabilities, falsified information to obtain government benefits for in-home health services that were not in fact provided to him. The total amount of overpayment was about $4,770.

Defendant entered a plea of no contest to one count of grand theft (Pen. Code, § 487) and one count of obtaining more than $400 in health care benefits by a false declaration (Welf. & Inst. Code, § 14014; referred to hereafter as section 14014). Over the People's objection, the court suspended the imposition of sentence, placed defendant on three years' probation, and declared the crimes to be misdemeanors under Penal Code section 17, subdivision (b) (sometimes referred to as section 17(b)).

The People appeal, arguing that section 14014 defines a "straight" felony offense rather than a "wobbler," and could not be declared a misdemeanor under section 17(b). We reject the argument and affirm the trial court's order.[1]

## DISCUSSION

Penal Code section 17 provides in pertinent part: "(a) A felony is a crime which is punishable with death or by imprisonment in the state prison. Every other crime or public offense is a misdemeanor except those offenses that are classified as infractions. [¶] (b) When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: [¶] . . . [¶] (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation . . . the court declares the offense to be a misdemeanor."

Penal Code section 17(b) authorizes the reduction of wobbler offenses—crimes that, in the trial court's discretion, may be sentenced

---

[1]A majority of this court initially dismissed the People's appeal as having been taken from a nonappealable order granting probation. The Supreme Court granted review, held that the section 17(b) order was appealable under Penal Code section 1238, subdivision (a)(5), and remanded the case to this court with instructions to consider the appeal on the merits. (*People v. Douglas* (1999) 20 Cal.4th 85, 96 [82 Cal.Rptr.2d 816, 972 P.2d 151].)

alternatively as felonies or misdemeanors. (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 974 [60 Cal.Rptr.2d 93, 928 P.2d 1171].) It does not allow a court to reduce a straight felony to a misdemeanor. (*People v. Superior Court* (*Feinstein*) (1994) 29 Cal.App.4th 323, 330 [34 Cal.Rptr.2d 503]; *People v. Mendez* (1991) 234 Cal.App.3d 1773, 1779 [286 Cal.Rptr. 216].) The validity of the trial court's order declaring section 14014 a misdemeanor thus depends on whether that offense was a wobbler or a straight felony.

When appellant committed his crimes in 1993 and 1994, Welfare and Institutions Code section 14014 provided: "Any person receiving health care for which he was not eligible on the basis of false declarations as to his eligibility . . . shall be liable for repayment and *shall be guilty of a misdemeanor or felony depending on the amount paid in his behalf for which he was not eligible, as specified in Section 487 of the Penal Code.*" (Italics added.)[2] Penal Code section 487 defines grand theft as occurring "(a) When the money, labor or real or personal property taken is of a value exceeding four hundred dollars . . . ."[3]

The People argue that the highlighted language in the preceding paragraph makes a violation of section 14014 a straight misdemeanor when the amount of the benefits received is $400 or less, and a straight felony when the amount exceeds $400. (See *People v. Superior Court* (*Feinstein*), *supra*, 29 Cal.App.4th at p. 330 [false imprisonment is either a misdemeanor or straight felony, depending on whether it is committed with force or violence].) They claim the phrase "guilty of a misdemeanor or felony" means the crime is one or the other; the statute simply borrows from Penal Code section 487 to establish $400 as the demarcation between the two.

Defendant urges a different interpretation of section 14014. He argues that the complete phrase "guilty of a misdemeanor or felony depending on the amount paid . . . *as specified in Section 487*" incorporates both Penal Code section 487 and its punishment scheme, rather than merely the $400 dividing line between grand theft and petty theft. Grand theft is a wobbler, rather than a straight felony, except when the property taken is a firearm. (Pen. Code, § 489.) Petty theft is a misdemeanor. (Pen. Code, § 490.) Therefore, "guilty of a misdemeanor or felony" as used in section 14014 means guilty of a misdemeanor when the amount of benefits is $400 or less, and guilty of a

---

[2]In 1996, section 14014 was amended in ways not material to our discussion. The language from the former version of the statute, quoted in the text, now appears with minor changes as subdivision (a). (Stats. 1996, ch. 837, § 1.)

[3]Penal Code section 487, subdivisions (b) through (d), lists specific types of property whose taking amounts to grand theft regardless of value. The receipt of unauthorized health care benefits does not fall into any of these other categories. We conclude, as do both parties to this appeal, that the reference in Welfare and Institutions Code section 14014 is limited to Penal Code section 487, subdivision (a).

wobbler, punishable as either a misdemeanor or felony, when the amount exceeds $400.

Our task here is to determine which interpretation of section 14014 is correct.

■ A court's primary goal in construing a statute is to ascertain the Legislature's intent. (*People v. Fuhrman* (1997) 16 Cal.4th 930, 937 [67 Cal.Rptr.2d 1, 941 P.2d 1189].) When the language is clear, the plain meaning of the words is determinative and there is ordinarily no need to look beyond the statute itself. (*People v. Benson* (1998) 18 Cal.4th 24, 30 [74 Cal.Rptr.2d 294, 954 P.2d 557].) When, however, the language is ambiguous, the courts may "resort to extrinsic sources, including the ostensible objects to be achieved and the legislative history." (*People v. Coronado* (1995) 12 Cal.4th 145, 151 [48 Cal.Rptr.2d 77, 906 P.2d 1232].)

■ The penalty provision of Welfare and Institutions Code section 14014 is ambiguous on its face. On the one hand, its use of the phrase "guilty of a misdemeanor or felony depending upon the amount paid" tends to support the People's argument that the statute draws a line between straight misdemeanor violations and straight felony violations based on some dollar amount. On the other, the statute's reference to Penal Code section 487 suggests a legislative intent to track the punishment scheme for theft offenses, which would make a violation of section 14014 a wobbler rather than a straight felony when more than $400 has been taken.

The People argue that Welfare and Institutions Code section 14014 originally provided that a violation of the statute was a "misdemeanor or felony depending on the amount paid," without specifying what this amount was. (Stats. 1966, 2d Ex. Sess. 1965, ch. 4, § 2, p. 109.) They contend this earlier version of the statute contemplated a line between straight misdemeanor and straight felony violations, and that the 1969 amendment which added the reference to Penal Code section 487 simply clarified where the line had been set. (See Stats. 1969, ch. 21, § 20, p. 91, eff. Mar. 27, 1969.)

It is just as reasonable to conclude that the Legislature, having recognized its oversight in failing to adequately specify a punishment, decided to adopt the penalty provisions for theft by referring to the statute defining grand theft. A partial legislative history of Welfare and Institutions Code section 14014 has been provided to us by the People, but it does not illuminate the

legislative intent behind the penalty provision of the statute, or the amendment adding the reference to Penal Code section 487.[4]

The People rely on *People v. Gilbert* (1969) 1 Cal.3d 475 [82 Cal.Rptr. 724, 462 P.2d 580], in which the court concluded that a violation of former Welfare and Institutions Code section 11482, a special fraud statute, did not incorporate the penalties for theft. (1 Cal.3d at p. 481, fn. 5.) Unlike Welfare and Institutions Code section 14014, the statute considered in *Gilbert* did not explicitly refer to Penal Code section 487 or any other provision. *Gilbert* is inapposite and does not resolve the facial ambiguity of section 14014.

■ When faced with an ambiguous statute and no extrinsic indicia of legislative intent, courts are required to construe a criminal law "as favorably to the defendant as its language and intent will reasonably permit." (*People v. Horn* (1998) 68 Cal.App.4th 408, 419 [80 Cal.Rptr.2d 310].) " 'The defendant is entitled to the benefit of every reasonable doubt, whether it arise out of a question of fact, or as to the true interpretation of words or the construction of language used in a statute.' " (*People v. Davis* (1981) 29 Cal.3d 814, 828 [176 Cal.Rptr. 521, 633 P.2d 186].) This so-called "rule of lenity" does not require a court to resort to any possible statutory construction favoring the defendant, but it is an appropriate "tiebreaker" when, as here, there are two equally plausible interpretations of the law. (*People v. Prothero* (1997) 57 Cal.App.4th 126, 131 [66 Cal.Rptr.2d 779].)

■ Resolving its ambiguities in defendant's favor, we conclude that Welfare and Institutions Code section 14014 defines a misdemeanor/wobbler offense, rather than a misdemeanor/straight felony offense. Section 14014's unqualified reference to Penal Code section 487 tracks the punishment provisions of the theft statutes, and not merely the $400 dividing line between petty theft and grand theft. The phrase "guilty of a misdemeanor or felony," as used in section 14014, means that the defendant will be punished as either a misdemeanant or a felon to the same extent that he would have been if convicted of theft.

We note that other statutes penalizing fraudulent benefit claims have adopted the misdemeanor/wobbler punishment range for grand and petty theft. Under Penal Code section 550, a fraudulent claim for health care benefits is a misdemeanor when the amount at issue is $400 or less, and a wobbler when the amount exceeds $400. (Pen. Code, § 550, subds. (a)(6)-(9) & (c)(2)(A)-(B).) Under Welfare and Institutions Code section 10980, the crime of obtaining welfare benefits by means of false statements is a misdemeanor when the amount received is $400 or less, and a wobbler when

---

[4]We have taken judicial notice of the legislative materials filed by appellant on September 22, 1999.

the amount is greater than $400. (Welf. & Inst. Code, § 10980, subd. (c)(1), (2); see also Pen. Code, §§ 530, 532 [receipt of money by "false pretenses" or "false presentation" punishable to same extent as theft].) Although these provisions are not part of the same statutory scheme as Welfare and Institutions Code section 14014, they penalize similar conduct and suggest the punishment range we now recognize is one that the Legislature has found appropriate in related contexts.

There are sound policy reasons for the Legislature to have treated section 14014 as a wobbler rather than as a straight felony when the amount at issue is greater than $400. If a taking over $400 were a straight felony, the difference between a felony and a misdemeanor could be as little as $1. The misdemeanor/wobbler scheme allows for more graduated punishment, and enables the courts to impose sentences which better reflect a defendant's actual culpability based on the severity of the offense. The Legislature could, of course, differentiate between the punishment for a section 14014 violation and the punishment for grand theft. But the People have not demonstrated that the ambiguous language of section 14014 achieves this result.

## CONCLUSION

The trial court correctly determined that section 14014 is a wobbler rather than a straight felony when the amount taken exceeds $400. The People make no claim that the trial court abused its discretion in reducing defendant's particular crime to a misdemeanor. (See *People v. Superior Court (Alvarez)*, *supra*, 14 Cal.4th at p. 981.) The judgment is affirmed.

Gilbert, P. J., and Yegan, J., concurred.