105 Cal.Rptr.2d 622 (2002)
88 Cal.App.4th 248
The PEOPLE, Plaintiff and Respondent,
v.
Alfonso Cortez CROSSDALE, Defendant and Appellant.
No. F033853.
Court of Appeal, Fifth District.
April 4, 2001.
Review Granted June 27, 2001.
*623 John Steinberg, under appointment by the Court of Appeal, for Defendant and Appellant.
Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Patrick J. Whalen and Robert M. Morgester, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION
THAXTER, J.
We will hold here that a first conviction of obtaining telephone services by fraud in violation of Penal Code section 502.7, subdivision (a),[1] when the amount of loss is less than $400, is a misdemeanor.

PROCEDURAL BACKGROUND
A jury convicted appellant Alfonso Cortez Crossdale on one count of possession of a firearm by a convicted felon,[2] one count of obtaining telephone services by fraud,[3] three counts of receiving stolen property,[4] 18 counts of possessing completed checks with the intent to defraud,[5] and one count of possessing a forged check with the intent to defraud.[6] All counts were charged as, and found to be, felonies. In a bifurcated proceeding the trial court found appellant suffered a serious prior felony conviction [7] and two prior prison terms.[8]
Appellant was sentenced to a total of 12 years in state prison. The trial court sentenced appellant to the upper term of six years for the firearm possession conviction and designated it as the principal term. On the conviction under section 502.7, subdivision (a), the trial court imposed a consecutive term of six years, with all but 16 months stayed. The issues raised on appeal affect only the conviction and sentence on that count.

FACTS
The substantive facts of appellant's offense are not in dispute. Accordingly, the facts are only briefly set forth.
The Los Angeles County Sheriffs Department received information appellant was manufacturing counterfeit currency and checks via computers and laser printers. The information stated forgeries were being passed primarily in the cities of Lancaster, Palmdale, and Bakersfield.
On March 11, 1999, officers and agents with the Los Angeles County Sheriffs Department and the United States Secret Service served a search warrant at an apartment located in Rosamond. Appellant *624 had been observed entering the apartment prior to the search. Officers knocked, announced their presence, and forced entry into the apartment. As they did so, officers observed appellant withdrawing his hand from the area of a loveseat cushion in the living room. A loaded, semiautomatic pistol was found under the loveseat cushion.
Appellant identified himself as Dennis Harris and was carrying a Department of Motor Vehicles interim driver's license in the name of Dennis Harris. A "cloned" cellular phone was found on the dining room table. Computer equipment was found in the bedroom.
Completed checks in various amounts and blank checks from the accounts of various victims were found. Some of the blank and completed checks were made on nonexistent accounts.
Appellant's defense was that he did not live at the apartment where the search was conducted and did not have possession of the items seized. The apartment had been rented to Dennis Harris. The apartment manager testified that appellant was not the man to whom he had rented the apartment. The manager testified he had never seen appellant there. Appellant claimed he lived in Lancaster with his girlfriend.

DISCUSSION

The evidence did not support appellant's conviction of violating section 502.7, subdivision (a) as a felony
Section 502.7, subdivision (a) provides:
"Any person who, knowingly, willfully, and with intent to defraud a person providing telephone or telegraph service, avoids or attempts to avoid, or aids, abets or causes another to avoid the lawful charge, in whole or in part, for telephone or telegraph service by any of the following means is guilty of a misdemeanor or a felony, except as provided in subdivision (g)[.]"[9]
Count 2 of the information alleged appellant:
"[D]id willfully, knowingly, and with intent to defraud a person providing telephone or telegraph service, AirTouch Cellular, avoided and/or attempt to avoid, or aided, abetted and/or caused another to avoid the lawful charge, in whole or in part, for telephone or telegraph service by charging the service to an existing telephone number or credit card number without the authority of the subscriber thereto or the lawful holder thereof, in excess of four hundred dollars ($400), in violation of Penal Code section 502.7(a), a felony."
During the jury trial the prosecuting attorney sought leave to introduce the billing records from AirTouch Cellular. The records showed a fraud loss of less than $400. Appellant's counsel argued the violation of section 502.7, subdivision (a) would only be a misdemeanor if the established loss was less than $400. The trial court, after reviewing the statute, made the following ruling:
"Well, in looking at it, it doesn't appear as though there's actually any bright line of demarcation that would because of a certain dollar amount, make it a felony. It would appear that by violating any of the provisions of 502.7(a), it can be either-orthat is, either felony or a misdemeanorwithin the discretion of the District Attorney's Office, except that if a person has a prior misdemeanor or felony conviction for a theft of services under these provisions, that it shall be a felony.
"So I would think that the statute as drafted by the legislature would permit charging a violation of Section 502.7(a) as a felony in this case, irrespective of *625 the amount of dollar damages, if you will, or dollar loss on the part of, I guess, the service provider."
The trial court then granted a motion to delete the language of "in excess of four hundred dollars ($400)" from the information.
Appellant does not claim there is insufficient evidence that he violated section 502.7, subdivision (a). Rather, since the record is uncontroverted that the loss was less than $400, he claims his conviction must be reduced to a misdemeanor, and the case remanded for resentencing. Appellant contends the statutory construction for section 502.7, subdivision (a) incorporates the demarcation between grand theft and petty theft. If he is correct, the amount of loss must exceed $400 in order to permit a felony prosecution. We find no case which has decided this issue.
In order to determine the merits of appellant's argument, we apply well-established rules of statutory construction. The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law.[10] When the language is clear, the plain meaning of the words is determinative, and there is ordinarily no need to look beyond the statute itself.[11] When, however, the language is ambiguous, the courts may "resort to extrinsic sources, including the ostensible objects to be achieved and the legislative history." [12]
Section 502.7 is part of a statutory scheme addressing crimes against property. Section 484 defines theft to include: "Every person ... who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money, labor or real or personal property[.]" Section 502.7, subdivision (a) provides that obtaining telephone services by fraud is a form of theft.
Section 486 divides theft offenses into two degrees. Grand theft is generally the theft of more than $400 or equivalent value.[13] It is a "wobbler" punishable as a misdemeanor by imprisonment in county jail, or as a felony by imprisonment in state prison.[14] "Theft in other cases is petty theft" [15] and is a misdemeanor punishable by a fine of not more than $1,000 or six months in county jail.[16]
Section 17, subdivision (b) authorizes the reduction of "wobbler" offensescrimes that, in the trial court's discretion, may be sentenced alternatively as felonies or misdemeanors.[17] It does not allow a court to reduce a "straight" felony to a misdemeanor.[18]
As Witkin explains, "If the statute does not characterize the crime as either a felony or a misdemeanor, but specifies a punishment, that becomes the test. If the statute calls for imprisonment in the state prison, the offense is a felony. [Citations.] 'When an act or omission is declared by a statute to be a public offense, and no penalty for the offense is prescribed in any statute, the act or omission is punishable as a misdemeanor.' [Citation.]"[19]
*626 Here, the statute characterizes the crime as either a felony or misdemeanor, but does not specify a punishment. Appellant argues that, unlike a "wobbler" which specifies punishment in either state prison or county jail for a violation of the statute, section 507.2 contains only language that the person who commits the offense "is guilty of a misdemeanor or a felony Thus, according to appellant, section 502.7 specifies there is a distinction between felony and misdemeanor violations of the statute, and such a distinction can only be drawn on the basis of the amount of the loss, following the general provisions within the same statutory scheme. Appellant claims, had the Legislature intended to permit a felony prosecution based upon any amount of loss under section 502.7, it would have expressly stated that the crime of obtaining telephone services by fraud was punishable by imprisonment in the state prison or by imprisonment in the county jail for not more than one year the same language used to denote all other "wobblers."
Respondent argues that the plain language of the statute undermines appellant's argument. According to respondent, had the Legislature wanted to incorporate the grand theft and petty theft demarcation found in section 487, subdivision (a), it could easily have done so. Further, respondent points out, the Legislature has demonstrated on numerous occasions that the "wobbler" demarcation of $400 does not apply to all theft cases. The Legislature has drafted statutes addressing crimes against property which either ignore, modify, or include the "wobbler" demarcation of $400.[20] Therefore, according to respondent, the $400 demarcation does not apply to all theft cases.
In a recent case, People v. Douglas,[21] the court addressed a somewhat similar contention, but dealing with a different code section. In Douglas, the defendant falsified information to obtain $4,770 in government benefits in violation of Welfare and Institutions Code section 14014. The defendant entered a plea of no contest to grand theft and one count of obtaining more than $400 in health care benefits by false declaration. The court suspended the imposition of sentence, placed the defendant on three years' probation and declared the crimes to be misdemeanors.[22]
The People appealed, arguing that Welfare and Institutions Code section 14014 defined a "straight" felony offense, rather than a wobbler, and could not be declared a misdemeanor. The statute in question provided: "`Any person receiving health care for which he was not eligible on the basis of false declarations as to his eligibility ... shall be guilty of a misdemeanor or felony depending on the amount paid in his behalf for which he was not eligible, as specified in Section 487 of the Penal Code.'"[23]
The People argued that the above language made a violation of Welfare and Institutions Code section 14014 a straight misdemeanor when the amount of the benefits received was $400 or less, and a straight felony when the amount exceeds $400. They claimed that the phrase "guilty of a misdemeanor or felony" meant the crime was one or the other; the statute simply borrowed from section 487 to *627 establish $400 as the demarcation between the two.[24]
The defendant in Douglas argued that the phrase "guilty of a misdemeanor or felony depending on the amount paid ... as specified in Section 487" incorporated both section 487 and its punishment scheme, rather than merely the $400 dividing line between grand theft and petty theft. Thus, "guilty of a misdemeanor or felony" as used in Welfare and Institutions Code section 14014 meant "guilty of a misdemeanor when the amount of benefits is $400 or less, and guilty of a wobbler, punishable as either a misdemeanor or felony, when the amount exceeds $400."[25]
The Douglas court declared that Welfare and Institutions Code section 14014 was ambiguous on its face. While the phrase "guilty of a misdemeanor or felony depending upon the amount paid" supported the argument that the statute drew a line between misdemeanor and felony violations based on dollar amounts, the reference to Penal Code section 487 suggested a legislative intent to track the punishment scheme for theft offenses, which would make a violation of Welfare and Institutions Code section 14014 a wobbler rather than a straight felony when more than $400 was taken.[26]
Finding no extrinsic indicia of legislative intent, the Douglas court construed the statute "`as favorably to the defendant as its language and intent will reasonably permit.'"[27] The court determined that Welfare and Institutions Code section 14014 defined a misdemeanor/wobbler offense, rather than a misdemeanor/straight felony offense. In particular, the court noted Welfare and Institutions Code section 14014's "unqualified reference" to Penal Code section 487, which tracks the punishment provisions of the theft statutes and not merely the $400 dividing line between petty theft and grand theft. The court determined that the phrase "guilty of a misdemeanor or felony" meant that the defendant would be punished as either a misdemeanant or a felon to the same extent that he would have been if convicted of theft.[28]
Here the wording of the statute is slightly different. The statute simply states, "guilty of a misdemeanor or felony," without any additional reference to section 487. However, unlike Welfare and Institutions Code section 14014, section 502.7 is found in the same chapter of the Penal Code as section 487. This suggests a legislative intent to punish a defendant under section 502.7 as either a misdemeanant or a felon to the same extent that he or she would have been if convicted of theft; in other words, section 502.7 defines a misdemeanor/wobbler offense, rather than a misdemeanor/straight felony offense.
In addition, unlike Welfare and Institutions Code section 14014, Penal Code section 502.7 does not include the qualifying words "depending upon the amount paid," following the wording "guilty of a misdemeanor or felony," which the court in Douglas found tended to support the alternate argument that the statute drew a line between straight misdemeanor violations and straight felony violations based on some dollar amount.
The analysis used in Douglas supports appellant's argument that section 502.7 tracks the punishment scheme for theft offenses, making a violation of that section a wobbler rather than a straight felony when the loss exceeds $400.[29] It would *628 also mean that a violation of the statute with a loss of less than $400 would be a misdemeanor.
Since the wording of the statute is ambiguous, we will review the legislative history.
In 1993, section 502.7 was amended by Assembly Bill No. 1656 to change the punishment associated with a violation of that section.[30] In particular, the amendment deleted former subdivision (f) which had read:
"If the total value of all telephone or telegraph services obtained in violation of this section aggregates over four hundred dollars ($400) within any period of twelve (12) consecutive months during the three years immediately prior to the time the indictment is found or the case is certified to the superior court, or prior to the time the information is filed, or if the defendant has previously been convicted of an offense in excess of four hundred dollars ($400) under this section or of an offense in excess of four hundred dollars ($400) under the laws of another state or of the United States which would have been an offense under this section if committed in this state, a person guilty of such offense is punishable by imprisonment in the county jail not exceeding one year, by a fine not exceeding one thousand dollars ($1,000), or both, or by imprisonment in the state prison, by a fine not exceeding ten thousand dollars ($10,000), or both."[31]
In place of the deleted provision the following was added:
"Theft of any telephone or telegraph services under this section by a person who has a prior misdemeanor or felony conviction for theft of services under this section within the past five years, is a felony."[32]
The purpose of the amendment was to ensure felony prosecution for repeat offenders under the statute. That amendment is, in and of itself, not applicable here, but various references to the particulars of the code section within the legislative history seem helpful in understanding the wording in question.
In 1993, Assemblymember Polanco introduced Assembly Bill No. 1656 to amend section 502.7 to "increase the penalty" and "clarify the action of defrauding a long distance carrier to make prosecuting this crime easier." The bill was said to provide that "if the value of the service fraudulently obtained exceeds $400, the crime is a felony, punishable by 16 months, two or three years in state prison and/or a fine up to $10,000."[33]
According to the author, in explaining a violation of section 502.7:
"... This crime is a form of theft. Theft is a misdemeanor if the value of the property is under $400, and an alternate felony/misdemeanor if the value is over $400. Theft of property worth less than $400 can be a felony if the person was previously incarcerated for a theft related offense. Should not the penalties for theft of telephone services be the same as for other forms of theft? [¶] ... Under this bill, the $400 felony threshold is based on the single or aggregate value of the service stolen...,"[34]
The 1993 Summary Digest concerning Assembly Bill No. 1656 states:
"Existing law makes a violation of these prohibitions a misdemeanor or a *629 felony if the total value of all telephone or telegraph services obtained in violation of the provisions aggregates over $400 within any period of 12 consecutive months during the 3 years immediately prior to the indictment, certification to superior court, or filing of the information, or if the defendant has previously been convicted of an offense in excess of $400 under these provisions, or under similar other state or federal laws.
"This bill, among other things, would revise the punishment for a violation of these provisions. This bill, instead, would provide that a theft of any telephone or telegraph services under these provisions is a misdemeanor or felony, except that theft of these services by a person who has a prior misdemeanor or felony conviction for the theft of the services under these provisions within the last 5 years, is a felony."[35]
The Assembly Committee on Public Safety, in discussing a related bill requiring, inter alia, cellular companies to report to customers about how to avoid cellular fraud, made note that Assembly Bill No. 1656 passed out of the Public Safety Committee on May 4, 1993, and was currently in the Senate Judiciary Committee. That bill, "among other things, would increase the penalty for telephone fraud to a felony if the value of the service fraudulently received exceeds $400, or if the person has a prior conviction, as specified."[36]
From this review of the legislative history of the amendment to section 502.7, we conclude the Legislature intended to make a violation of the statute a misdemeanor for a loss less than $400. Thus, appellant's conviction for count 2, obtaining telephone services by fraud, must be reduced to a misdemeanor and the case remanded for resentencing. In light of this conclusion, we need not address appellant's alternative argument that the trial court erred in failing to instruct, sua sponte, on the lesser included offense of petty theft.

DISPOSITION
The judgments of conviction are affirmed, but that for count 2 (violation of § 502.7, subd. (a)), is reduced to a misdemeanor. The matter is remanded for resentencing.
ARDAIZ, P.J., and WISEMAN, J., concur.
NOTES
[1] All further statutory references will be to the Penal Code unless otherwise specified.
[2] Section 12021, subdivision (a)(1).
[3] Section 502.7, subdivision (a).
[4] Section 496, subdivision (a).
[5] Section 475, subdivision (a).
[6] Section 475.
[7] Sections 667, subdivisions (b)-(i).
[8] Section 667.5, subdivision (b).
[9] Section 502.7, subdivision (g) provides: "Theft of any telephone or telegraph services under this section by a person who has a prior misdemeanor or felony conviction for theft of services under this section within the past five years, is a felony."
[10] People v. Fuhnnan (1997) 16 Cal.4th 930, 937, 67 Cal.Rptr.2d 1, 941 P.2d 1189; People v. Craft (1986) 41 Cal.3d 554, 559, 224 Cal. Rptr. 626, 715 P.2d 585.
[11] People v. Benson (1998) 18 Cal.4th 24, 30, 74 Cal.Rptr.2d 294, 954 P.2d 557.
[12] People v. Coronado (1995) 12 Cal.4th 145, 151, 48 Cal.Rptr.2d 77, 906 P.2d 1232.
[13] Section 487, subdivision (a).
[14] Sections 489, 17.
[15] Section 488.
[16] Sections 490, 17.
[17] People v. Superior Court (Alvarez) (1997) 14 Cal.4th 968, 974, 60 Cal.Rptr.2d 93, 928 P.2d 1171.
[18] People v. Superior Court (Feinstein) (1994) 29 Cal.App.4th 323, 330, 34 Cal.Rptr.2d 503; People v. Mendez (1991) 234 Cal.App.3d 1773, 1779, 286 Cal.Rptr. 216.
[19] 1 Witkin and Epstein, California Criminal Law (3d ed. 2000) Introduction to Crimes, section 71, pages 116-117.
[20] See section 484b (felony if diversion of funds exceeds $1,000); section 484e (grand theft to convey access card with intent to defraud); section 484g (demarcation of $400 included within the statute); section 484h (demarcation of $400 included within the statute); section 487a (grand theft to take carcass of an animal); section 487b (grand theft to convert real estate of more than $100); section 487d (grand theft to take gold, amalgam or quicksilver); section 487e (demarcation of $400 included in the statute).
[21] People v. Douglas (2000) 79 Cal.App.4th 810, 94 Cal.Rptr.2d 500.
[22] People v. Douglas, supra, 79 Cal.App.4th at page 812, 94 Cal.Rptr.2d 500.
[23] People v. Douglas, supra, 79 Cal.App.4th at page 813, 94 Cal.Rptr.2d 500, italics omitted.
[24] People v. Douglas, supra, 79 Cal.App.4th at pages 812-813, 94 Cal.Rptr.2d 500.
[25] People v. Douglas, supra, 79 Cal.App.4th at pages 813-814, 94 Cal.Rptr.2d 500.
[26] People v. Douglas, supra, 79 Cal.App.4th at page 814, 94 Cal.Rptr.2d 500.
[27] People v. Douglas, supra, 79 Cal.App.4th at page 815, 94 Cal.Rptr.2d 500.
[28] People v. Douglas, supra, 79 Cal.App.4th at page 815, 94 Cal.Rptr.2d 500.
[29] People v. Douglas, supra, 79 Cal.App.4th at page 814, 94 Cal.Rptr.2d 500.
[30] Statutes 1993, chapter 1014, section 1.
[31] Section 502.7, subdivision (f), added by Statutes 1986, chapter 802, section 1, and repealed by Statutes 1993, chapter 1014, section 1.
[32] Section 502.7, subdivision (g).
[33] Assembly Committee on Public Safety, Report on Assembly Bill No. 1656 (1993-1994 Reg. Sess.) as amended April 14, 1993, page 1.
[34] Assembly Committee on Public Safety, Report on Assembly Bill No. 1656, supra, as amended April 14, 1993, pages 1-2.
[35] Legislative Counsel Digest on Assembly Bill No. 1656 (1993-1994 Reg. Sess.) 5 Statutes 1993, Summary Digest, pages 434-435.
[36] Assembly Committee on Public Safety, Report on Senate Bill No. 318 (1993-1994 Reg. Sess.) July 13, 1993, page 2.