Filed 4/14/15  P. v. Walters CA3
Opinion following order vacating prior opinion

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

| | |
|---|---|
| THE PEOPLE, | C075451 |
| Plaintiff and Respondent, | (Super. Ct. No. SCR2471) |
| v. | |
| LOUIE WALTERS, | |
| Defendant and Appellant. | |

Defendant Louie Walters appeals from the trial court's order denying his petition for resentencing pursuant to Penal Code section 1170.126[1] because he was armed during the commission of his current offense.  He contends the trial court's finding that he was disqualified from resentencing violated his right to due process and the rules of statutory construction, and also that there is insufficient evidence to support the finding.  We shall affirm.

---

[1]  Undesignated statutory references are to the Penal Code.

BACKGROUND

We take the facts of defendant's current offense from our prior opinion affirming his conviction.

On September 26, 1996, two railroad workers saw two transients, defendant and another man, arguing near the Roseville railroad yard. The workers heard a gunshot. Defendant bent down and scrambled to pick up a revolver from the ground. He shoved the gun into his belt and ran off, limping. The other man remained at the scene and cooperated with police officers who arrived to investigate.

Defendant was found about 15 minutes after the officers were summoned. He was lying in some weeds, behind a dumpster, about one-quarter of a mile away. When the officers approached him he raised up on all fours. A short standoff ensued; the officers told him to lay flat on the ground and to put his hands out to his sides. Defendant did not obey; at one point he reached toward his waist. Roseville Police Officer Frank Ortiz shouted at him not to do it and to put his hands up on the ground. After a minute defendant complied with the officer's commands.

The revolver was in defendant's waist band. He had a gunshot wound in his leg. He told Officer Ortiz that he had shot himself. He smelled of alcohol and gave a false name.

A jury convicted defendant of felon in possession of a firearm (former § 12021, subd. (a))[2] and misdemeanor resisting an officer (§ 148, subd. (a).) The trial court sustained two strike allegations and sentenced defendant to 25 years to life. A panel of this court affirmed defendant's conviction on January 12, 1998.

---

[2] Former section 12021 was subsequently repealed and reenacted without substantive change as section 29800, subdivision (a)(1). (*People v. Sanders* (2012) 55 Cal.4th 731, 734, fn.2.)

Defendant filed a petition for resentencing pursuant to section 1170.126 on June 18, 2013. He argued that the armed disqualification applied only to sustained arming enhancements, rendering him eligible for resentencing.

In a written opinion, the trial court found the disqualification from resentencing was not limited to instances where an armed enhancement was sustained. It found, "[w]hile the possession or use of the firearm constitutes the crux of the conviction which [defendant] sustained herein, the facts unequivocally show that the elements of the crime also fit the disqualifying factors of subsection (iii)."

DISCUSSION

I

Defendant contends the denial of his petition violates his due process rights because felon in possession of a firearm requires a tethering offense to support an armed finding and no sentence was imposed for him being armed during the commission of the offense. We disagree.

**A.**

Section 1170.126 allows defendants serving a life term for a third strike to petition for resentencing. (§ 1170.126, subd. (b).) Eligibility for resentencing is initially limited to defendants serving life terms for felonies that are neither serious nor violent. (§ 1170.126, subd. (e)(1).) Other factors can render a defendant ineligible for resentencing. One of the disqualifying factors, as cross-referenced in section 1170.126, subdivision (e)(2), renders an offense ineligible for recall of sentence if "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)

Defendant's tethering claim has been rejected by both courts that considered it (*People v. Elder* (2014) 227 Cal.App.4th 1308, 1312-1314 (*Elder*); *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1032 (*Osuna*)), while two other courts of appeal have held

3

that felon in possession is subject exclusion from section 1170.126 resentencing when the defendant was armed during the offense. (*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1054; *People v. White* (2014) 223 Cal.App.4th 512, 524.)

Defendant's tethering contention is based on section 12022, which provides an enhancement for being armed with a firearm or personally using a deadly weapon " 'in the commission or attempted commission' of the underlying felony." (*People v. Bland* (1995) 10 Cal.4th 991, 1002; see also § 12022, subds. (a)(1), (b)(1).) *Osuna*, which addressed ineligibility based on being armed during the commission of felon in possession of a firearm (*Osuna, supra*, 225 Cal.App.4th at pp. 1027-1206), illustrates why defendant's contention must fail. "[D]efendant was armed with a [deadly weapon] *during* his possession of the gun, but not 'in the commission' of his crime of possession. There was no facilitative nexus; his having the firearm available for use did not further his illegal possession of it. There was, however, a temporal nexus. Since the [Three Strikes Reform] Act [of 2012] uses the phrase '[d]uring the commission of the current offense,' and not in the commission of the current offense [Citations], and since at issue is not the imposition of additional punishment but rather eligibility for reduced punishment, we conclude the literal language of the Act disqualifies an inmate from resentencing if he or she was armed with a firearm during the unlawful possession of that firearm." (*Id.* at p. 1032.)

We find this and the reasoning of the other cases implicitly or explicitly rejecting defendant's contention to be persuasive. Applying these decisions, we find the armed exclusion can apply to felon in possession of a deadly weapon without another tethering offense.

**B.**

Defendant's other contention is based on an erroneous reading of section 1170.126. According to defendant, he cannot be disqualified under this provision as he

4

was never sentenced "for being armed with, or using or intending to inflict great bodily injury. Instead, sentence was imposed for . . . being a felon in possession of a gun."

As pertinent here, section 1170.126 states: "(e) An inmate is eligible for resentencing if: [¶] . . . [¶] (2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." As described above, this incorporates the language regarding armed "[d]uring the commission of the current offense" found in sections 667, subdivision (e)(2)(C)(iii) and 1170.12, subdivision (c)(2)(C)(iii). Ineligibility is not limited to when a defendant is sentenced for being armed or any of the other factors described in sections 667, subdivision (e)(2)(C)(iii) and 1170.12, subdivision (c)(2)(C)(iii). Rather, if the trial court finds that defendant was armed, used a deadly weapon, or inflicted great bodily injury during the commission of the offense for which he seeks resentencing, then defendant is ineligible for resentencing.[3] Since the trial court made this finding in rejecting defendant's petition, we accordingly reject his contention.

II

Defendant contends the trial court's finding that he was disqualified misconstrues section 1170.126. Defendant observes that conviction for felon in possession of a firearm does not categorically disqualify a defendant from resentencing under section 1170.126 as mere possession of a firearm does not equate with being armed. Defendant also finds that the plain meaning of the term armed "[d]uring the commission of the current offense" requires a tethering offense before disqualifying a defendant from resentencing.

---

[3] Defendant's reliance on *People v. Atkins* (2014) 229 Cal.App.4th 536 is inapposite as review was granted in that case after briefing was concluded. (See *People v. Atkins, supra*, (review granted Nov. 12, 2014, S221786).)

5

To the extent there is any ambiguity in the relevant statutory language, defendant claims that the rule requiring construction of statutory terms in context (see *People v. Elmore* (2014) 59 Cal.4th 121, 139-140) and the rule of lenity (see *People v. Douglas* (2000) 79 Cal.App.4th 810, 815) compel the same conclusion.

As already noted, the argument that felon in possession of a firearm requires a tethering offense before a defendant can be disqualified under the armed during the commission provision of section 1170.126 has been rejected by the courts that have considered it. The cases rejecting this claim relied on the clear language of section 1170.126, subdivision (e)(2) and the statutes referenced therein. (See, *Elder, supra*, 227 Cal.App.4th at p. 1312; *Osuna, supra*, 225 Cal.App.4th at p. 1034 ["We do not regard the language of section 1170.126, subdivision (e)(2) as indicating an intent to require a tethering offense"].) " 'When statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it.' [Citations.]" (*People v. Benson* (1998) 18 Cal.4th 24, 30.) Following *Elder* and *Osuna*, we find the clear language of section 1170.126, subdivision (e)(2) does not require a tethering offense to disqualify from resentencing a defendant convicted of felon in possession of a firearm.

III

Defendant's final contention is that there is insufficient evidence to support a finding that he was ineligible based on his being armed during the commission of felon in possession of a firearm.

"The eligibility criteria here refer to something that occurs '[d]uring the commission of the current offense,' that being 'the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person.' [Citation.] By referring to those facts attendant to commission of the actual offense, the express statutory language requires the trial court to make a factual determination that is not limited by a review of the particular statutory offenses and enhancements of which petitioner was convicted." (*People v. Bradford* (2014)

6

227 Cal.App.4th 1322, 1332.) In order to determine whether a defendant is disqualified from resentencing, a trial court examines the "conduct that occurs during the commission of an offense." (*Id.* at p. 1333.) The trial court must therefore "consider the nature of a petitioner's prior conviction. Specifically, the court must consider whether, during the commission of an offense that has been previously adjudicated at the time of the resentencing proceedings, 'the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person.' [Citations.]" (*Id.* at pp. 1338-1339.) The court may look at "the record of conviction," as that term is defined in the cases addressing whether a prior conviction is a serious felony. (*Id.* at p. 1338; see *People v. Woodell* (1998) 17 Cal.4th 448 (*Woodell*); *People v. Guerrero* (1988) 44 Cal.3d 343.) This includes both the trial and the appellate court record of the conviction, including any appellate opinion in the case. (*Woodell*, at p. 456.)

Recognizing that *Woodell* allows reliance on prior appellate opinions in some circumstances, defendant contends such circumstances are not present in this case, as reliance on our prior opinion effectively allows for the relitigation of the facts of the prior offense, which he asserts is forbidden under *Woodell*. According to defendant, relying on our prior opinion to find that he was armed effectively relitigated the facts of his conviction because the matter of whether he was armed was never at issue in the trial or the original appeal. He claims the statement of the facts in our prior opinion contains several hearsay statements, including "the reports of the railroad workers, [and] the statement of a Roseville police officer that [defendant] had a gun in his waistband and that [defendant] claimed to have shot himself." Since there was no other evidence in the record of conviction supporting an armed finding, defendant concludes there was insufficient evidence to support the trial court's finding.

The Supreme Court "allow[s] recourse to the record of conviction, but no further, to promote the efficient administration of justice and to preclude the relitigation of the circumstances of the crime. [Citation.] Including the appellate opinion as part of the

7

record of conviction promotes efficiency and does not relitigate stale factual questions." (*Woodell, supra*, 17 Cal.4th at p. 456.) Likewise, "the appellate opinion itself, representing the action of a court, clearly comes within the exception to the hearsay rule for official records. [Citations.]" (*Id.* at p. 458; see Evid. Code, § 1280.) Defendant's contentions are therefore without merit.

A defendant is "armed" within the meaning of section 12022, subdivision (a)(1) "if the defendant has the specified weapon available for use, either offensively or defensively. [Citations.] . . . '[A] firearm that is available for use as a weapon creates the very real danger it will be used.' [Citation.] Therefore, '[i]t is the availability--the ready access--of the weapon that constitutes arming.' " (*People v. Bland, supra,* 10 Cal.4th at p. 997.) "[A]rming under the sentence enhancement statutes does not require that a defendant utilize a firearm or even carry one on the body." (*Ibid.*)

The facts as stated in our opinion show that defendant was found with a gun in his waistband, and that the gun had recently discharged, shooting him in the foot. Carrying a loaded firearm in one's waistband is compelling evidence that defendant was armed during the commission of felon in possession of a firearm.

DISPOSITION

The trial court's order denying the petition for resentencing is affirmed.


                              BLEASE              , Acting P. J.


We concur:


    NICHOLSON        , J.


    HULL             , J.

8