Filed 10/31/17

## CERTIFIED FOR PUBLICATION

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. PAO CHERTA LEE, Defendant and Appellant. | F072173 (Super. Ct. No. F13908034) **OPINION** |

APPEAL from a judgment of the Superior Court of Fresno County. John F. Vogt, Judge.

Benjamin Owens, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Lewis A. Martinez and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Defendant Pao Cherta Lee was convicted by jury trial of four felonies after he was found driving a stolen vehicle. On appeal, he contends the trial court erroneously believed it lacked discretion to reduce his convictions to misdemeanors under Penal Code section 17, subdivision (b)[1] (section 17(b)) because of a section 666.5 allegation. We agree with defendant. Accordingly, we vacate the sentence and remand to the trial court for reconsideration and resentencing.

## PROCEDURAL SUMMARY

On February 18, 2015, a jury found defendant guilty of unlawfully driving or taking a vehicle (Veh. Code, § 10851, subd. (a); count 1), receiving a stolen vehicle (§ 496d, subd. (a); count 2), and carrying a concealed dirk or dagger (§ 21310; counts 3 & 4). The jury also found true an allegation, pursuant to sections 667, subdivision (e)(2)(C)(iii) and 1170.12, subdivision (c)(2)(C)(iii),[2] that defendant was armed with a deadly weapon during the commission of each offense. In connection with counts 1 and 2, defendant admitted having suffered two prior Vehicle Code section 10851, subdivision (a) convictions pursuant to section 666.5, subdivision (a). He also admitted, as to all counts, having suffered four prior strike convictions within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).

The trial court sentenced defendant to 25 years to life on each count, but stayed the terms on counts 2 through 4 pursuant to section 654.

On August 17, 2015, defendant filed a notice of appeal.

---

[1]    All statutory references are to the Penal Code unless otherwise noted.

[2]    Sections 667, subdivision (e)(2)(C)(iii) and 1170.12, subdivision (c)(2)(C)(iii) limit the ameliorative effects of Proposition 36 on the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) when the defendant was armed with a deadly weapon in the commission of the current crime.

<u>**FACTS**</u>

On August 18, 2013, Michael A., the owner of a 1999 red Honda Civic, got up in the morning and discovered his car was missing from the driveway. He called the police immediately.

On August 24, 2013, around midnight, Fresno Police Officer Vincent Zavala was driving behind a 1999 red Honda Civic driven by defendant. Zavala checked the license plate number and learned the car was stolen. He requested backup, then conducted a traffic stop. He told defendant to remove the keys and drop them outside the door. He ordered defendant out of the car and arrested him. When Zavala searched defendant, he found a sheathed, fixed-blade knife in his right rear pocket and another knife in his right front pocket. When Zavala searched the car, he noticed the center console of the dashboard had been cracked and pulled away, and the stereo had been forcibly removed. The key chain held a Toyota car key and two nonvehicle keys, but no Honda key. Zavala tried all the keys in the Honda ignition. Only the Toyota key worked, but it did not fit easily. It required force and inserted only halfway.

Zavala read defendant his *Miranda*[3] rights and defendant agreed to talk. He said the car belonged to him; his cousin had given it to him for free. Zavala told him he thought that was weird. Defendant said he had had the car for three weeks. Zavala told him that was not possible because it had been reported stolen only about seven days earlier. Defendant said he got the key from his cousin and was using it to drive the car. When Zavala told him it was a Toyota key that only inserted halfway, defendant said he did not know much about cars. He said he was homeless.

Zavala testified that Hondas from the 1990's are easy to manipulate and were, at the time of trial, the most stolen car in Fresno. When he inspected the Honda's ignition,

---

[3]     *Miranda v. Arizona* (1966) 384 U.S. 436.

3

he saw it was loose and bore small pry marks, indicating it had been modified. Normally, it would not be possible to force a Toyota key into a Honda ignition.

## DISCUSSION

### I. Section 17(b)

A "wobbler" is an offense that, in the trial court's discretion, may be punished as either a felony or a misdemeanor. (§ 17(b);[4] *People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 974 (*Alvarez*).) All four of defendant's offenses in this case were wobblers. (See Veh. Code, § 10851, subd. (a); §§ 496d, subd. (a), 21310.)

The trial court has the sole discretion, under section 17(b), to treat a wobbler as a felony or a misdemeanor for sentencing purposes. (*Alvarez, supra,* 14 Cal.4th at p. 977.) "By its terms, [section 17(b)] sets a broad generic standard." (*Ibid.*) "[S]ince all discretionary authority is contextual, those factors that direct similar sentencing decisions are relevant, including 'the nature and circumstances of the offense, the defendant's appreciation of and attitude toward the offense, or his traits of character as evidenced by his behavior and demeanor at the trial.' [Citations.] When appropriate, judges should also consider the general objectives of sentencing such as those set forth in California Rules of Court, rule [4.410]."[5] (*Id.* at p. 978, fn. omitted.) "As a general matter, the court's exercise of discretion under section 17(b) contemplates the imposition of misdemeanor punishment for a wobbler 'in those cases in which the rehabilitation of the convicted defendant either does not require, or would be adversely affected by, [felony punishment].' " (*People v. Park* (2013) 56 Cal.4th 782, 790.)

---

**4** Section 17(b) provides in pertinent part: "When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170, or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: [¶] (1) After a judgment imposing a punishment other than imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170."

**5** All references to rules are to the California Rules of Court.

To prove an abuse of discretion, " '[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.]  In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' " (*Alvarez, supra,* 14 Cal.4th at pp. 977-978.)  To meet this burden, the defendant must "affirmatively demonstrate that the trial court misunderstood its sentencing discretion." (*People v. Davis* (1996) 50 Cal.App.4th 168, 172.)  When "the record shows that the trial court proceeded with sentencing on the erroneous assumption it lacked discretion, remand is necessary so that the trial court may have the opportunity to exercise its sentencing discretion at a new sentencing hearing.  [Citations.]  Defendants are entitled to 'sentencing decisions made in the exercise of the "informed discretion" of the sentencing court,' and a court that is unaware of its discretionary authority cannot exercise its informed discretion." (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1228.)  If the record is silent, however, the defendant has failed to sustain his burden of proving error, and we affirm. (*People v. Davis,* at p. 172.)

## II.    *Background*

At the sentencing hearing on July 20, 2015, defense counsel raised a *Romero*[6] motion, requesting that the trial court exercise its discretion pursuant to section 1385 to dismiss prior strike convictions.  The prosecutor countered as follows:

> "So the People don't believe really this is the kind of offense that in its nature and circumstances falls out of that spirit [of the Three Strikes law].  We think that this is the kind of serial offender thought of by the Three Strikes Law.  There's another note that [defense counsel] makes, which is that both the car and the knives could be considered misdemeanor conduct.  That's true for the knives, they are wobblers.  But as charged[,]

---

[6]     *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

5

the auto thefts in this case are not wobblers.  Because he has prior auto thefts[,] these are straight felony offenses."

Ultimately, the trial court declined to dismiss any prior strike convictions.  At that point, defense counsel asked if the court would consider applying section 17(b).  The following occurred:

> "[DEFENSE COUNSEL]:  Your Honor, could the court consider [section] 17(b)?

> "THE COURT:  As to everything that this jury found him guilty of?

> "[PROSECUTOR]:  Your Honor, the Court's not capable of 17(b)'ing Counts One and Two because of the [section] 666.5 enhancement.

> "THE COURT:  Well, you know, I was going to say, first of all, as I understood it, the only thing [section 17(b)] would apply to are Counts Three and Four.  Nevertheless, the jury returned verdicts on Counts One and Two, which relate to driving the stolen vehicle and possessing the stolen vehicle knowing that it was stolen.

> "Now, I understand why Probation is recommending … application of Penal Code Section 654, but let's take a look at the facts of this case.  You've got a car that is obviously altered to allow unauthorized people to be driving it.  He has a history that dates back to the '80s for the same thing.  So his denial to the Probation Department as well as his denials in the course of the case here just don't have any validity in this court's estimation.  He damned knew well that the car was stolen.  He was a repeat car thief.  And he may have acquired it from some third party that was close to him but, nevertheless, he knew the car was stolen.  He was driving it.  He had weapons in his possession when he was doing it.

> "Now, the court is going to essentially adopt the factual statements of the Probation Department as they capsulize the proceedings of evidence in trial this court heard personally.  I'm also going to adopt the probation report's analysis of the Rules of Court regarding probation eligibility, the circumstances in aggravation and mitigation both as to the offenses and as to the defendant, and I will point out here that under [rule] 4.423[,] circumstances in mitigation relating to the defendant, I will point out that the court has considered and has in mind the unfortunate life history that you have presented as to your client and that has not been lost on me.  So I

6

guess I'm adding that as a circumstance in mitigation, but it does not change the ultimate outcome that this court must reach.

"The defendant is ineligible for a grant of probation under [section] 667(c)(2) of the Penal Code.[7] Even if the defendant were eligible for a grant of probation, if I could articulate a basis for it, I can't articulate a basis for finding that he should be eligible in the interest of justice. He's an unsuitable candidate for a grant of probation.

"Therefore, Count One, violation of Vehicle Code Section 10851(a) pursuant to [section] 666.5 and pursuant to [section] 667(e)(2)(C)([iii]), probation will be denied and the defendant will be committed to the California Department of Corrections and Rehabilitation for the indeterminate term of 25 years to life.

"Time credits as of today are 695 actual, 694 conduct for a total of 1389 days. The balance of the term shall be served forthwith.

"In Count Two probation is denied. The defendant is committed to the Department of Corrections and Rehabilitation for an indeterminate term of 25 years to life pursuant to [section] 667(e)(2)(C)([iii]). That term will be imposed but stayed pursuant to Penal Code Section 654.

"I'm imposing the same indeterminate term of 25-to-life for Count Three, which will be stayed pursuant to [section] 654 of the Penal Code, and another 25 years to life indeterminate for Count Four to be stayed pursuant to [section] 654 of the Penal Code. The aggregate term therefore, the indeterminate term of 25 years to life, will be served in the Department of Corrections and Rehabilitation less the time credits as already articulated."

## III.   *Analysis*

As these passages demonstrate, the record is not silent in this case. The trial court and the prosecutor both agreed that counts 1 and 2 could not be reduced to misdemeanors because of the section 666.5 allegation. On appeal, defendant asserts that the trial court

---

**7**     Section 667, subdivision (c)(2) provides: "Notwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior serious and/or violent felony convictions as defined in subdivision (d), the court shall adhere to each of the following: [¶] … [¶] (2) Probation for the current offense shall not be granted, nor shall execution or imposition of the sentence be suspended for any prior offense."

7

failed to recognize it had discretion to reduce counts 1 and 2 to misdemeanors because it did not understand that section 666.5 applies only to *felony* convictions of Vehicle Code section 10851 and section 496d. The People respond that counts 1 and 2 could not have been reduced to misdemeanors because the section 666.5 allegation itself *converted* them to felonies: "[I]f the person who violates Vehicle Code section 10851 and/or Penal Code section 496d has a prior felony conviction involving a vehicle, then section 666.5 explicitly requires felony punishment for the current violation[s] of Vehicle Code section 10851 and/or section 496d." The People further explain that defendant "misreads section 666.5 to be applicable 'only … when the underlying conviction is a felony.' [Citation.] Section 666.5 elevates the current [wobbler offense] to a felony. For vehicle theft recidivists, such as [defendant], a violation of Vehicle Code section 10851 or Penal Code section 496d is no longer a 'wobbler' offense—it is a felony."

For reasons we will explain, we agree with defendant that section 666.5 applies only to felony convictions and does not itself convert a wobbler to a felony.

Section 666.5 is an alternate punishment scheme that prescribes an elevated sentencing triad for recidivist car thieves who have a prior felony conviction for car theft or related conduct.[8] Section 666.5 does not define a new offense and it is not an enhancement; it simply increases the punishment for the crime. (*People v. Demara* (1995) 41 Cal.App.4th 448, 452, 455 [§ 666.5 "imposes not an enhancement but a greater base term for certain recidivists"; it is an elevated or alternate sentencing scheme; hence, the same prior conviction may be used both to impose an elevated sentence under § 666.5 and to enhance the sentence under § 667.5]; *People v. Young* (1991) 234 Cal.App.3d 111, 113, 115 [§ 666.5 does not define a new offense].)

---

[8] We use "car thieves" broadly to include other criminals who commit related crimes that are covered by section 666.5.

The plain language of section 666.5 supports the conclusion that it applies only to current felonies. It states that "[e]very person who, having been previously convicted of a *felony* violation of Section 10851 of the Vehicle Code, or *felony* grand theft involving an automobile …, or *felony* grand theft involving a motor vehicle …, or a *felony* violation of Section 496d …, is subsequently convicted of *any of these offenses* shall be punished by imprisonment for two, three, or four years …." (§ 666.5, subd. (a), italics added.) The phrase "*any of these offenses*" can only be read to refer to the *felonies* previously enumerated in the same sentence. (*Ibid.*, italics added.) The plain language of section 666.5 thus requires that both the prior and the current offenses must be felonies in order for section 666.5 to apply.

Moreover, cases have held in analogous contexts that factual allegations resulting in increased punishment, even if admitted by the defendant, are inapplicable and of "no moment" unless the wobbler is a felony. (*People v. Kunkel* (1985) 176 Cal.App.3d 46, 55 (*Kunkel*).) For example, in *People v. Feyrer* (2010) 48 Cal.4th 426 (*Feyrer*),[9] the defendant pled no contest to felony assault by means likely to produce great bodily injury, a wobbler offense, and "also admitted the factual allegation that he personally inflicted great bodily injury, for which the Legislature has prescribed a felony sentence enhancement [(§ 12022.7, subd. (a))]." (*Id.* at pp. 430, 442.) For these reasons, the trial court refused to reduce the defendant's wobbler to a misdemeanor. (*Id.* at p. 430.) The defendant appealed. In response, the People maintained that because the defendant "pleaded no contest to a 'wobbler' assault *and* admitted personally inflicting great bodily injury in the commission of a felony, in effect he pleaded no contest to a 'straight felony,' " and thus section 17(b) did not authorize the trial court to reduce the offense to a misdemeanor. (*Feyrer*, at p. 441.) The Supreme Court, however, disagreed, concluding

---

[9]  Superseded by statute on another ground as stated in *People v. Park, supra,* 56 Cal.4th at page 789, footnote 4.

9

the defendant's admission of the enhancement did *not* transform the wobbler into a straight felony and thus the trial court retained discretion to reduce the wobbler to a misdemeanor.  The court explained:

> "As we have noted, section 17, subdivision (b) applies solely to a crime 'punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail.'  That statute does not confer upon the trial court the authority to reduce a straight felony to a misdemeanor.  [Citations.] … [Citation.]  'Phrased differently:  "The definition of crime and the determination of punishment are foremost among those matters that fall within the legislative domain."  [Citations.]'  [Citation.]  When the Legislature has classified an offense as a felony without providing for an alternate punishment, a trial court exceeds its jurisdiction 'in purporting to reduce the offense to a misdemeanor.'

> "Although assault by means likely to produce great bodily injury is punishable either as a felony or a misdemeanor, defendant also admitted the factual allegation that he personally inflicted great bodily injury, for which the Legislature has prescribed a felony sentence enhancement.  In [*People v. Superior Court* (]*Feinstein*[) (1994)] 29 Cal.App.4th [323,] at pages 329-330 [(*Feinstein*)], the court concluded that although false imprisonment (§ 237) is alternatively punishable as a felony or a misdemeanor and thus constitutes a wobbler offense, when an additional finding is made that the offense was 'committed by violence, menace, fraud, or deceit' the statute in question prescribes a sentence to state prison, and thus with that finding the offense is a straight felony that may not be reduced to a misdemeanor in the court's discretion under section 17, subdivision (b)(3).  Analogizing to *Feinstein,* the Attorney General asserts that because defendant pleaded no contest to an aggravated assault and admitted the personal infliction of great bodily injury, the offense was converted to a straight felony.

> "The analogy is inapt.  In *Feinstein, supra,* 29 Cal.App.4th 323, the court reviewed the crime of false imprisonment (§ 237, subd. (a)), which is punishable either by a fine not exceeding $1,000 or by imprisonment in county jail for not more than one year or both.  The additional factual finding made in *Feinstein* was that the offense was 'committed by violence, menace, fraud, or deceit,' for which the *same statute,* defining a substantive offense, specifies a sentence to state prison.  [Citation.]  In the present case, by contrast, section 245, subdivision (a), insofar as it defines the substantive offense here at issue (assault by any means of force likely to produce great bodily injury) does not specify that the additional factual

10

finding of actual personal infliction of great bodily injury, if made, will cause the offense to be punished by a sentence to state prison.

"As we explained above, a trial court may not reduce to a misdemeanor an offense that has been determined by the Legislature to be a straight felony. [Citation.] Nor may the trial court effectively 'felonize' a crime designated by the Legislature as a wobbler, by declining to apply section 17, subdivision (b)(3) solely because an additional factual finding related to sentencing is present. (See *People v. Kunkel*, *supra*, 176 Cal.App.3d at pp. 54-55.)" (*Feyrer, supra,* 48 Cal.4th at pp. 441-444, fns. omitted.)

"The circumstance that a defendant has admitted an enhancement allegation that would apply solely to a felony sentence has not been understood to automatically eliminate the trial court's authority to reduce the underlying wobbler conviction to a misdemeanor. (See *Alvarez, supra,* 14 Cal.4th at pp. 974-980 [approving the court's reduction of a wobbler conviction (after jury verdict), despite the defendant's admission of an allegation he had suffered four prior felony convictions within the meaning of the Three Strikes law]; *People v. Trausch* (1995) 36 Cal.App.4th 1239, 1243-1247 [(*Trausch*)] [same, in the context of a guilty plea to a wobbler offense].) Thus, in the present case, upon reduction of defendant's offense to a misdemeanor, the admitted enhancement allegation had significance only for future purposes of the Three Strikes law and not for the present offense." (*Feyrer, supra,* 48 Cal.4th at p. 444, fn. 11.)

"But as we have seen, section 17, subdivision (b)(3) authorizes a trial court to reduce a wobbler offense from a felony to a misdemeanor and thus enable a defendant to avoid many—but not all—of the consequences of his or her conviction, notwithstanding vacation of the plea and dismissal of the charges pursuant to section 1203.4. It is evident that the court's reduction of such an offense will not alter the status of the offense as a prior felony conviction for purposes of the Three Strikes law [citation] in the event the defendant were to commit a felony offense in the future. In the present case, this consequence was noted specifically by the prosecutor in entering into the plea agreement and clearly was within the contemplation of the parties.

"Because the statute setting forth defendant's substantive offense does not prescribe a state prison sentence whenever the additional factual allegation (here in the form of a separate punishment enhancement) has been established, defendant's admission of that allegation did not automatically convert his offense to a straight felony. Accordingly, defendant's offense remained within the class of offenses that are subject to

11

reduction upon the occurrence of various events specified in section 17."
(*Feyrer, supra,* 48 Cal.4th at p. 444.)

In *Kunkel,* cited by *Feyrer*, the court responded as follows to the argument that the defendant's "admission of a section 12022, subdivision (b) enhancement 'fixed' the section 243 [wobbler] offense as a felony":

> "The argument puts the cart before the horse. The sentence enhancement made possible by subdivision (b) of section 12022 applies, on its face, only to felonies or attempted felonies. If either the magistrate or sentencing superior court judge determined the substantive section 243 offense to have been a misdemeanor, the section 12022 allegation would have been of no moment." (*Kunkel, supra,* 176 Cal.App.3d at p. 55.)

In *Trausch*, also cited by *Feyrer*, the defendant pled guilty to second degree burglary (§ 459), a wobbler, and admitted having suffered four prior strike convictions within the meaning of the Three Strikes law. (*Trausch, supra,* 36 Cal.App.4th at pp. 1241-1242.) The trial court reduced the wobbler to a misdemeanor and concluded the four admitted strike allegations did not apply. (*Id.* at pp. 1242-1243.)[10] The People appealed, arguing that the Three Strikes law superseded application of section 17(b). The appellate court disagreed, as follows:

> "[S]ection 17 is sui generis. It specifically leaves the determination of the nature of the conviction to the discretion of the judge to be determined *at sentencing.* It applies only to 'wobblers' and to no other crimes. It also provides that once the court has imposed a misdemeanor sentence, the offense becomes a misdemeanor 'for all purposes.'
>
> " 'The Legislature is deemed to be aware of existing laws when it passes a statute, and to have enacted the new statute in light thereof. [Citations.]' [Citation.] Subdivision (d)(1) of section 667 expressly provides that the determination whether a prior felony conviction qualifies as a 'strike' 'shall be made upon the date of that prior conviction and *is not affected by the sentence imposed unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor.*' (Italics added.) Thus, the Legislature clearly recognized the effect of sentencing

---

**10** "[T]he 'current conviction' must be a felony to trigger application of the three strikes law." (*Trausch, supra,* 36 Cal.App.4th at p. 1245; § 667, subd. (c).)

pursuant to section 17 in the context of the three strikes statute and did not override that effect in its scheme determining whether a prior conviction qualifies as a strike. If the Legislature had intended to abolish or modify the trial court's authority to reduce the current offense from a felony to a misdemeanor in the wobbler context, it easily could have done so. It did not.

"Accordingly, until the trial court pronounces sentence on the new offense, it cannot be determined if a predicate current 'felony' exists for application of the three strikes laws.

"Mindful of these principles, we hold that where the trial court has exercised its discretion to impose a punishment other than imprisonment in state prison, which by operation of law renders the conviction a misdemeanor, the three strikes law *is not triggered*. Therefore, the trial court acted within its jurisdiction in reducing the charge to a misdemeanor." (*Trausch, supra,* 36 Cal.App.4th at pp. 1246-1247, fns. omitted, italics added in final paragraph.)

These analyses and the plain language of section 666.5 itself convince us that section 666.5 applies only to a felony conviction. Furthermore, a section 666.5 allegation, even if admitted or found true, does *not* "felonize" a wobbler by converting it into a straight felony. Therefore, a section 666.5 allegation does not affect the trial court's authority to reduce a wobbler to a misdemeanor at sentencing. If the court chooses to reduce the wobbler to a misdemeanor, the section 666.5 allegation is inapplicable.

We summarize the three scenarios related to the applicability of section 666.5:

(1) If, at sentencing, a trial court decides in its discretion to reduce a wobbler offense, such as a Vehicle Code section 10851 or a section 496d violation, to a *misdemeanor* under section 17(b), section 666.5 does *not* apply, even if the defendant admitted or the court found true a section 666.5 allegation.

(2) If, on the other hand, the trial court decides in its discretion *not* to reduce that wobbler offense to a misdemeanor, it is a *felony* conviction to be sentenced in one of two ways, as follows:

13

(2)(a) If the defendant does *not* have a prior for car theft (or related conduct), section 666.5 does *not* apply and he is punished under the *ordinary* felony triad of 16 months/two years/three years. (Veh. Code, § 10851(a) [a felony conviction under this statute "shall be punished … pursuant to subdivision (h) of Section 1170 of the Penal Code …."]; § 1170, subd. (h)(1) ["a felony punishable pursuant to this subdivision where the term is not specified in the underlying offense shall be punishable by a term … for 16 months, or two or three years"]; § 496d [a felony conviction under this statute "shall be punished by imprisonment … for 16 months or two or three years"].)

(2)(b) If the defendant *does* have a prior for car theft (or related conduct), *section 666.5 applies* and he is punished under the *elevated* felony triad of two years/three years/four years, rather than the ordinary felony triad of 16 months/two years/three years. (§ 666.5, subd. (a).)

Thus, a Vehicle Code section 10851 or a section 496(d) wobbler offense may be punished as (1) a misdemeanor, (2)(a) an ordinary felony, or (2)(b) an elevated felony if the defendant has a prior.

Based on this discussion, we conclude in this case that defendant's admission of the section 666.5 allegation did not convert the wobbler offenses into felonies, and thus the trial court retained its authority under section 17(b) to reduce any or all of the four wobbler offenses to misdemeanors at sentencing. If it had done so, the section 666.5 allegation would not have applied to those offenses reduced to misdemeanors, even though defendant admitted the allegation. Because we conclude the trial court misunderstood the scope of its discretion in this regard, we remand to give the trial court the opportunity to decide, in its discretion, whether to reduce any of the convictions to misdemeanors. We offer no opinion on how the court should exercise that discretion.

## DISPOSITION

The sentence is vacated and the matter remanded to the trial court with directions to exercise its discretion and decide whether to reduce any of the convictions to

14

misdemeanors pursuant to Penal Code section 17, subdivision (b), and to thereafter resentence defendant.  The court is directed to forward certified copies of relevant documents to the appropriate authorities.  In all other respects, the judgment of conviction is affirmed.

_____
LEVY, Acting P.J.

WE CONCUR:


_____
DETJEN, J.


_____
FRANSON, J.

15